DECISION
{¶ 1} Defendant-appellant, Lawrence Keith Kent, appeals from the June 17, 2003 entry of the Franklin County Municipal Court overruling appellant's motion to withdraw his guilty plea of menacing under R.C. 2903.22. For the reasons that follow, we reverse and remand the decision of the trial court.
 {¶ 2} On April 1, 2003, Columbus Police Officer Nathan Komisarek filed a complaint against appellant for making threatening statements towards appellant's wife, Martey Kent. Appellant was charged with domestic violence in violation of R.C.2929.15(C) and aggravated menacing in violation of R.C. 2903.21.
 {¶ 3} On June 3, 2003, appellant entered a no contest plea to an amended charge of menacing in violation of R.C. 2903.22. At the request of the prosecution, the domestic violence charge was dismissed. The trial court found appellant guilty of menacing and sentenced him to probation for one year.
 {¶ 4} On June 9, 2003, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Attached to his motion was a sworn affidavit of appellant's mother, Eva Kent. Eva was a witness to the altercation between appellant and Martey. At the time of appellant's trial, prior to appellant entering his guilty plea, Eva was going to testify against appellant. Appellant contends that he entered a guilty plea in order to protect Eva from having to testify against him. However, Eva swore in her affidavit that the statement she was prepared to make against appellant was the product of coercion. Eva maintained that Martey had threatened her if she testified on behalf of her son. Eva affirmed that appellant was not at fault and that appellant never harmed or threatened to harm Martey.
 {¶ 5} On June 16, 2003, the trial court, without conducting an evidentiary hearing, denied appellant's motion to withdraw his guilty plea. Appellant appeals, assigning the following as error:
The trial court abused its discretion, erring to the prejudice of appellant by denying appellant's motion to withdraw appellant's guilty plea absent an evidentiary hearing.
 {¶ 6} Crim.R. 32.1 governs withdrawal of a guilty plea and states:
A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 {¶ 7} Because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." Appellant has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea.State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Caraballo (1985),17 Ohio St.3d 66. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} When a trial court reviews a motion to withdraw a guilty plea, it decides, based upon the allegations in appellant's motion, whether to hold an evidentiary hearing on the motion. Generally, a hearing on a post-sentence motion to withdraw a plea "is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." State v. Nathan (1995),99 Ohio App.3d 722, 725, quoting State v. Hamed (1989),63 Ohio App.3d 5, 7. The trial court would only be required to withdraw the plea only if appellant established the existence of a manifest injustice. Smith, supra. Therefore, if the facts alleged by appellant are accepted as true, and if these facts require a conclusion that a manifest injustice occurred, the trial court should conduct an evidentiary hearing.
 {¶ 9} In this case, appellant alleges in his sole assignment of error that the trial court erred in overruling his motion to withdraw his guilty plea since appellant's guilty plea was not knowingly, intelligently, and voluntarily made. Appellant specifically asserts that he entered his guilty plea to protect his mother from testifying against him in court. Appellant also maintains that his guilty plea was not entered with full knowledge because his mother was threatened by the victim into testifying against him. The state concedes that the trial court erred in denying appellant's motion without affording appellant an evidentiary hearing as required by law. We agree.
 {¶ 10} Upon review of the record, we find that the trial court did abuse its discretion in overruling appellant's motion, without an evidentiary hearing. A review of the record in the case sub judice reveals that the affidavit of appellant's mother sets forth operative facts of coercion and the conclusion that a manifest injustice occurred. Therefore, the trial court was required to conduct an evidentiary hearing. As such, appellant's sole assignment of error has merit and is well-taken.
 {¶ 11} For the foregoing reasons, appellant's sole assignment of error is sustained and the judgment of the Franklin County Municipal Court is reversed and remanded to permit the trial court to conduct an evidentiary hearing on appellant's motion to withdraw his guilty plea.
Judgment reversed and remanded with instructions.
Petree and Klatt, JJ., concur.