OPINION
{¶ 1} Defendant-appellant, Joseph M. Williams, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea. For the following reasons, we reverse that judgment and remand this matter for an evidentiary hearing on appellant's motion to withdraw his guilty plea.
 {¶ 2} In 1997, appellant was charged with two counts of attempted murder in violation of R.C. 2923.02 and 2903.02, and two counts of felonious assault in violation of R.C. 2903.11. All counts contained firearm specifications pursuant to R.C.2941.145. On June 19, 1997, appellant pled guilty to two counts of attempted murder without the firearm specifications. The felonious assault charges were dismissed. The trial court accepted appellant's guilty plea, found him guilty, and sentenced him to consecutive nine-year prison terms for each count of attempted murder for a total of 18 years in prison.
 {¶ 3} On June 5, 2003, appellant filed a motion to withdraw his guilty plea. In his motion, appellant conceded that at the time of his guilty plea there was no agreement that he would receive judicial release. Appellant claimed, however, that a factor in his decision to plead guilty was his belief that he would be eligible for judicial release. Appellant sought to withdraw his guilty plea because the trial court's sentence rendered him ineligible for judicial release. Without a hearing, the trial court denied appellant's motion based upon its determination that appellant was not promised judicial release at the time he entered his guilty plea.
 {¶ 4} Appellant appeals, assigning the following error:
Appellant's due process rights under the State and Federal Constitutions were violated when the trial court erroneously instructed appellant that he would be eligible for judicial release, because there was no gun specification in his plea, and then sentenced appellant to two consecutive Nine Year terms of incarceration.
 {¶ 5} Appellant contends in his lone assignment of error that the trial court abused its discretion in denying his motion to withdraw his guilty plea without a hearing. Crim.R. 32.1 permits a motion to withdraw a guilty plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because appellant's motion to withdraw his guilty plea was filed after sentence was imposed, it shall only be granted to correct manifest injustice.State v. Xie (1992), 62 Ohio St.3d 521, 526. Appellant has the burden of establishing the existence of manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Manifest injustice relates to some fundamental flaw in the proceedings which result in a miscarriage of justice or is inconsistent with the demands of due process. State v. Hall,
Franklin App. No. 03AP-433, 2003-Ohio-6939, at ¶ 12; see, also,State v. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502, at ¶ 13. A guilty plea that was not entered knowingly, intelligently, or voluntarily, creates a manifest injustice that would entitle a defendant to withdraw a guilty plea. State v. Bush, Union App. No. 14-2000-44, 2002-Ohio-6146, at ¶ 11; State v. Beck,
Hamilton App. No. C-020432, 2003-Ohio-5838, at ¶ 8.
 {¶ 6} Trial courts do not always have to hold an evidentiary hearing on a motion to withdraw a guilty plea. A hearing is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn.State v. Kent, Franklin App. No. 03AP-722, 2004-Ohio-2129, at ¶ 8; see, also, State v. Frye (Nov. 10, 1997), Franklin App. No. 97APA01-106. A trial court's decision not to hold an evidentiary hearing will not be reversed absent an abuse of discretion.Kent, supra, at ¶ 10. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Id. at ¶ 7, quoting Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} The record reveals that before appellant entered his guilty plea, the trial court told him that he was eligible for judicial release because the gun specifications had been dropped. See R.C. 2929.20. The trial court did not inform appellant that he would become ineligible for judicial release if his total sentence exceeded ten years. R.C. 2929.20(A)(1). In fact, it appears that the trial court may not have been aware of the tenyear sentence eligibility criteria because even after the trial court imposed an 18-year prison term, it again told appellant that he was eligible for judicial release.
 {¶ 8} Appellant claims that his guilty plea was not entered knowingly, intelligently, or voluntarily, because he believed he was eligible for judicial release. Appellant also alleges that an element of his decision to plead guilty was his eligibility for judicial release.
 {¶ 9} The facts as alleged by appellant, if proven, would establish that his guilty plea was not entered knowingly, intelligently, or voluntarily and, consequently, a manifest injustice. See State v. Florence, Allen App. No. 1-03-60, 2004-Ohio-1956, at ¶ 4 (allowing withdrawal of guilty plea not intelligently or knowingly entered when trial court informed defendant he was eligible for judicial release but did not inform him that he would be ineligible if his sentence exceeded ten years); see, also, State v. Cvijetinovic, Cuyahoga App. No. 81534, 2003-Ohio-563, at ¶ 24 (Kilbane, J., concurring) (noting that trial court's failure to inform defendant that he may become ineligible for judicial release depending on the sentence imposed may be grounds for motion to withdraw guilty plea); cf. Bush,
supra (finding manifest injustice where guilty plea not entered knowingly or intelligently due to misinformation about eligibility for judicial release); State v. Horch,154 Ohio App.3d 537, 2003-Ohio-5135, at ¶ 6-7 (finding guilty plea not knowingly, intelligently, or voluntarily entered when defendant misinformed about eligibility for judicial release).
 {¶ 10} Because appellant alleged facts, that if accepted as true, would establish a manifest injustice, the trial court abused its discretion when it did not hold an evidentiary hearing on appellant's motion. See Kent, supra, at ¶ 10. We take no position on the merits of appellant's motion or the credibility of his allegations. These are concerns for the trial court to address after an evidentiary hearing. Accordingly, appellant's lone assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed. This matter is remanded to the trial court to conduct an evidentiary hearing on appellant's motion to withdraw his guilty plea.
Judgment reversed and cause remanded with instructions.
Bowman and Petree, JJ., concur.