OPINION
{¶ 1} Defendant-appellant, Rita J. Franks, pro se, appeals from a judgment of the Franklin County Court of Common Pleas overruling her post-sentence motion to withdraw her guilty plea. Because we conclude that the trial court did not abuse its discretion in denying defendant's motion to withdraw her plea, we affirm.
 {¶ 2} By indictment filed December 18, 2001, defendant was charged with one count of attempted murder and two counts of felonious assault. On July 9, 2002, defendant entered a guilty plea to two counts of felonious assault in violation of R.C. 2903.11, both second-degree felonies. Upon recommendation of the state, the court entered a nolle prosequi as to the attempted murder count. By a corrected judgment entry filed August 5, 2002, the trial court sentenced defendant to a prison term of seven years for each count, to be served consecutively, for a total of 14 years, and ordered defendant to pay restitution in the amount of $455.48 to the Ohio Crime Victims Compensation Fund. The sentence was jointly recommended by defense counsel and the state.
 {¶ 3} On November 25, 2003, defendant filed a pro se motion to withdraw her guilty plea and requested an evidentiary hearing. Without a hearing, the trial court denied defendant's motion. The trial court found that defendant failed to demonstrate a manifest injustice that would allow her to withdraw the plea.
 {¶ 4} Defendant has timely appealed the trial court's judgment and advances two assignments of error for our review:
[1.] Appellant contends that the trial court violated Ohio Crim.R. 11(2)(C) [sic] where the guilty plea transcript or written plea bargain agreement proves that she made a knowing waiver of relevant trial rights with a full understanding of the consequences of the guilty plea.
[2.] Appellant contends the trial court abused its discretion by failing to defer to the plea hearing transcript after she alleged the court failed to comply with Ohio Crim.R. 11 where appellant was advised that she "could" be subjected to APA supervision for "up to three years", when the applicable period of post-release control supervision was a mandatory three years under R.C. § 2967.28(B).
 {¶ 5} Defendant's assignments of error are interrelated and will be addressed together. Defendant essentially contends the trial court abused its discretion in denying her motion to withdraw her guilty plea, urging that she did not knowingly, voluntarily, and intelligently enter the plea because the trial court failed to advise her of the effect of her plea as required by Crim.R. 11(C)(2)(b). Defendant argues specifically that the trial court failed to personally advise her at the plea hearing that she "would" be subject to a mandatory three-year post-release control period following her prison term and that violations of her post-release control "would" result in additional imprisonment of up to one-half the prison time originally imposed. Defendant contends the trial court informed her only that she "could" be subject to "up to three years" of post-release control and that multiple violations of the conditions of post-release control "could" result in additional imprisonment of up to one-half the prison time originally imposed. Defendant contends the trial court's errors negate her plea. Defendant further contends the trial court erred in failing to review the transcript of the plea hearing before ruling on her motion.
 {¶ 6} Crim.R. 32.1 governs the withdrawal of a guilty plea and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. The Supreme Court of Ohio has defined a manifest injustice as a "clear and openly unjust act." State ex rel. Schneider v. Kreiner
(1998), 83 Ohio St.3d 203, 208. This court has stated that "[m]anifest injustice relates to some fundamental flaw in the proceedings which result in a miscarriage of justice or is inconsistent with the demands of due process." State v. Williams, Franklin App. No. 03AP-1214,2004-Ohio-6123, at ¶ 5, citing State v. Hall, Franklin App. No. 03AP-433, 2003-Ohio-6939, at ¶ 12. Under the manifest injustice standard, a post-sentence motion to withdraw will be granted only in "extraordinary cases." Smith, supra, at 264. A guilty plea that is not entered knowingly, voluntarily or intelligently creates a manifest injustice entitling a defendant to withdraw a guilty plea. Williams,
supra, citing State v. Bush, Union App. No. 14-2000-44, 2002-Ohio-6146, at ¶ 11.
 {¶ 7} Disposition of a Crim.R. 32.1 motion is addressed to the sound discretion of the trial court, and a reviewing court will not disturb the court's determination absent an abuse of discretion. Williams, supra, at ¶ 6. An abuse of discretion implies that the court's attitude was reasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 8} Pursuant to Crim.R. 11(C)(2)(b), a trial court may not accept a guilty plea from a criminal defendant in a felony case without first addressing the defendant personally and informing him or her of the consequences, and determining that he or she understands the consequences of his or her guilty plea. However, the trial court need only substantially comply with those requirements of Crim.R. 11 that do not involve the waiver of a constitutional right. State v. Ballard (1981),66 Ohio St.2d 473, 476. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his [or her] plea and the rights he [or she] is waiving."State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 9} With regard to post-release control, R.C. 2967.28(B) provides that felony offenders are subject to terms of post-release control depending upon the degree and type of felony committed. R.C. 2967.28(B)(2) provides that a three-year period of post-release control is mandatory for a felony of the second degree that is not a felony sex offense. R.C.2929.19(B)(3)(c) and (e) require the trial court to "notify" the offender who is being sentenced for committing a second-degree felony that the offender will be supervised under R.C. 2967.28 following the offender's release from prison, and, if the offender violates that supervision or a condition of post-release control imposed under R.C. 2967.131(B), the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.
 {¶ 10} In Woods v. Telb (2000), 89 Ohio St.3d 504, the Supreme Court of Ohio held that "[p]ursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." Id. at paragraph two of the syllabus. The court determined that Woods was properly advised of the consequences of post-release control because it was explained in a written plea form and sentencing entry.
 {¶ 11} As noted previously, defendant pled guilty to two second-degree felony counts of felonious assault. Pursuant to Woods and R.C.2929.19(B)(3)(c) and (e), the trial court was required to inform defendant, at sentencing or at the time of the plea hearing, that she was subject to a three-year period of post-release control and that violations of the conditions of post-release control imposed by the parole board could result in an additional prison term of up to one-half of the stated prison term originally imposed upon her.
 {¶ 12} Prior to the plea hearing, defendant signed a plea agreement which included a detailed explanation of post-release control in conformity with R.C. 2967.28(B)(2) and 2929.19(B)(3)(c) and (e):
If the Court imposes a prison term, I understand that the following period(s) of post-release control is/are applicable:
* * *
F-2 Three Years Mandatory
* * *
I understand that a violation of post-release control conditions or the condition under R.C. 2967.131 could result in more restrictive non-prison sanctions, a longer period of supervision or control up to a specified maximum, and/or reimprisonment for up to nine months. The prison term(s) for all post-release control violations may not exceed one-half of the prison term originally imposed. * * *
 {¶ 13} At the plea hearing, the following exchange took place between the trial court and defendant regarding post-release control:
THE COURT: * * * You will do the 14 years minus whatever time you have done in the county jail. At the end of that 14year period the Adult Parole Authority will supervise your behavior for at least for up to three years after your release.
During that period of time, if you violate any condition of your release, they could return you to prison for up to nine months for each violation. If there are multiple violations, then you could be sentenced up to 50 percent of my original sentence. That's a mouthful. Let me give you an example. I'm giving you 14 years, okay. If you mess up repeatedly when you get out, they could send you back to prison for up to a total of seven more years. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Any questions about that?
THE DEFENDANT: No.
(Tr. 7-8.)
 {¶ 14} Following this discussion, defendant acknowledged in response to the court's questions that her attorney explained the guilty plea form to her before she signed it and that she understood its contents.
 {¶ 15} Under the totality of the circumstances, we conclude that the trial court substantially complied with the mandates of Crim.R. 11 and sufficiently notified defendant about post-release control. Defendant's contention that the trial court incorrectly informed her only that she "could" be subject to "up to three years" of post-release control is belied by the record. The transcript of the plea hearing clearly indicates that the trial court informed defendant that she "will" be supervised by the parole board for "at least up to three years" after her release from prison. Further, even if the trial court's "at least up to three years" assertion could in some way be construed as a misstatement of the law, the plea form correctly notified defendant she would be subject to post-release control for a mandatory three years after her release from prison. In addition, defendant's contention that the trial court should have informed her that violations of post-release control "would" result in "time and a half" is an incorrect statement of the law. As noted previously, R.C. 2929.19(B)(3)(e) required the trial court to notify defendant that if she committed multiple violations of the conditions of her post-release control, the parole board may impose an additional prison term of up to one-half of the stated prison term originally imposed. The transcript of the plea hearing establishes that the trial court properly complied with R.C. 2929.19(B)(3)(e).
 {¶ 16} The cases relied upon by defendant are inapposite. In State v.Jones (May 24, 2001), Cuyahoga App. No. 77657, the trial court asked the defendant at the plea hearing only if he understood "if [he was] sentenced to prison, [he] could be subject to post-release control once [he got] out" and did not offer any explanation of post-release control sanctions. In State v. Bryant, Cuyahoga App. No. 79841, 2002-Ohio-2136, the trial court journalized an entry stating the defendant was subject to a period of post-release control without affording the defendant verbal notice at the sentencing hearing. In the instant case, the trial court fully explained post-release control to defendant at the plea hearing.
 {¶ 17} Further, defendant's contention that the trial court abused its discretion in denying her motion to withdraw her guilty plea without reviewing the transcript of the plea hearing lacks merit. Initially, we note that defendant offers this court no evidence that the trial court did or did not review the transcript before ruling on the motion. Further, defendant cites no case law requiring a trial court to review the transcript when considering a motion pursuant to Crim.R. 32.1. Finally, as noted previously, our review of the record in this case, including the transcript of the plea hearing, reveals that the trial court substantially complied with the dictates of Crim.R. 11.
 {¶ 18} Because a review of the record reveals that defendant entered her guilty plea knowingly, voluntarily, and intelligently and with the full knowledge and understanding of the consequences of such a plea, defendant has failed to establish that withdrawal of a guilty plea is "necessary to correct manifest injustice." State v. Honaker, Franklin App. No. 04AP-146, 2004-Ohio-6256, at ¶ 16, quoting State v. Stumpf
(1987), 32 Ohio St.3d 95, 104.
 {¶ 19} Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying defendant's post-sentence motion to withdraw her guilty plea. Accordingly, defendant's two assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Bryant and Klatt, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.