[Cite as *State v. Dunham*, 2012-Ohio-2957.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W.Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-121 |
| JOSHUA DUNHAM | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County
Court of Common Pleas, Case No.
2010CR0559

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      June 27, 2012

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JAMES J. MAYER      PAUL MANCINO, JR.
Richland County Prosecutor      75 Public Square, Ste. 1016
38 Park Street      Cleveland, OH  44113-2098
Mansfield, OH 44902

*Gwin, P.J.*

{¶1} The Richland County Grand Jury in a six-count indictment indicted appellant Joshua Dunham ["Dunham"]. Specifically, Dunham was indicted with one count of vehicular homicide in violation of R.C.2903.06 (A)(1) (a) a felony of the first degree, for causing death while driving under the influence; a second count of vehicular homicide under R.C.2903.06 (A)(2)(a) a felony of the second degree, requiring the mental state of recklessness. Dunham was also indicted with two counts of aggravated vehicular assault, the first a felony of the third degree under R.C. 2903.08(A)(1)(a) and the second a felony of the fourth degree under R.C. 2903.08(A)(2)(b). Dunham was also indicted with two counts of operating a vehicle under the influence of alcohol or drugs — both misdemeanors of the first degree under R.C. 4511.19(A)(1)(b) and 4511.19(A)(1) (a).

{¶2} On June 1, 2011, Dunham changed his plea of not guilty to guilty to all counts of the indictment. The court referred the matter to the probation department for the preparation of a presentence investigation report. Dunham appeared for sentencing on July 11, 2011. Dunham was fined $375.00 and sentenced to a total term of imprisonment of nine (9) years of mandatory prison time on count one (1), a one (1) year sentence on count three (3) and a six (6) month sentence on count five (5). The sentences in counts 2, 4 and 6 were merged into counts 1, 3 and 5.

## ASSIGNMENTS OF ERROR

{¶3} Dunham raises five assignments of error,

**{¶4}** "I. DEFENDANT WAS DENIED A DUE PROCESS OF LAW WHEN THE COURT FAILED TO INFORM DEFENDANT THAT HE WAS SUBJECT TO A MANDATORY PRISON SENTENCE DURING THE COLLOQUY.

**{¶5}** "II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT MISINFORMED DEFENDANT CONCERNING ABOUT A MANDATORY LIFE TIME LICENSE SUSPENSION.

**{¶6}** "III. DEFENDANT WAS DENIED DUE PROCESS OF LAW AND HIS RIGHTS UNDER THE SIXTH AMENDMENT WHEN THE COURT BASED ITS SENTENCING ON FACTS NOT ALLEGED IN THE INDICTMENT NOR ADMITTED AT THE PLEA HEARING.

**{¶7}** "IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT BELIEVED IT HAD TO IMPOSE A LICENSE SUSPENSION OF LIFE.

**{¶8}** "V. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE ORAL PRONOUNCEMENT OF SENTENCE DID NOT INCLUDE MANDATORY TIME BUT THE JOURNAL ENTRY OF SENTENCING INCLUDED MANDATORY TIME."

I.

**{¶9}** In Dunham's first assignment of error, he disputes the voluntary nature of his pleas because, Dunham argues, the trial court failed to inform him that by pleading guilty he faced a mandatory prison sentence.

**{¶10}** The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. See *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962). A plea of guilty

constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

{¶11} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. See, *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

{¶12} Crim. R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before

sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In the case at bar, because Dunham's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice."

{¶13} The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A manifest injustice has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83(1998). "'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" *State v. Ruby,* 9th Dist. No. 23219, 2007-Ohio-244, ¶ 11, quoting *State v. Williams,* 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Accordingly, under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *Smith,* 49 Ohio St.2d at 264, 361 N.E.2d 1324.

{¶14} In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished between constitutional and non-constitutional rights. *State v. Clark*, 119 Ohio St.3d 239, 893 N.E.2d 462, 2008-Ohio-3748, ¶ 32; *State v. Aleshire*, Licking App. No. 2007-CA-1, 2008-Ohio-5688 at ¶ 10. The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Clark*, 119 Ohio St.3d at 244, 893 N.E.2d at 499, 2008-Ohio-3748, ¶ 31.

{¶15} In *Clark*, a case decided after *Sarkozy*, the Ohio Supreme Court concluded that "[i]f a trial judge, in conducting a plea colloquy, imperfectly explains non-

constitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies on appellate review; under this standard, a slight deviation from the text of the governing rule is permissible, and so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving, the plea may be upheld." Id. at ¶31, 881 N.E.2d 1224. Thus, in *Clark*, the Ohio Supreme Court concluded that the right to be informed of the maximum possible penalty and the effect of the plea are subject to the substantial compliance test. 119 Ohio St.3d at 244, 893 N.E.2d at 469, 2008-Ohio-3748 at ¶ 31. (Citations omitted).

**{¶16}** In the case at bar, the trial court never orally informed Dunham that any portion of his prison sentence was mandatory. Moreover, the plea form executed by Dunham evidences confusion regarding the mandatory sentencing range, indicating that only four years of the potential 15 year sentence was mandatory. In the trial court's sentencing entry is the handwritten notation "9 mandatory." This is the first time it appears in the record that Dunham was informed that he was to receive a nine year prison sentence and that all nine years were to be considered mandatory. Thus, it is clear that at the time he pled guilty, Dunham was unaware of the amount of time of his prison term for the offenses that was mandatory, and that he would be ineligible for community control sanctions, and judicial release. *Accord, State v. Maggard,* 1st Dist. No. C-100788, 2011-Ohio-4233, ¶17; *State v. Johnson*, 8th Dist. No. 92364, 2009-Ohio-5821, ¶15; *State v. Rand*, 10th Dist. No. 03AP-745, 2004-Ohio-5838, ¶22.

**{¶17}** Under the totality of the circumstances, we are not convinced that Dunham understood that the prison sentence imposed was mandatory or that he was

ineligible for community control or probation. Nor are we satisfied that Dunham would have entered his guilty plea had the trial court complied with the rule. In this case, the trial court committed prejudicial error when it accepted Dunham's guilty plea because Dunham was not informed that his sentence was mandatory.

**{¶18}** Consequently, we conclude that, under the circumstances of this case, the trial court abused its discretion when it denied Dunham's motion to withdraw his guilty plea.

**{¶19}** For the foregoing reasons, Dunham's first assignment of error is sustained.

## II, III, IV, V

**{¶20}** Based upon our analysis and disposition of Dunham's first assignment of error, we find his second, third, four and fifth assignments of error premature.

## CONCLUSION

**{¶21}** Because the trial court did not adequately inform Dunham that the prison sentence imposed was mandatory or that he was ineligible for community control or probation, Dunham's first assignment of error is sustained.

{¶22} Accordingly, the judgment of the Richland County Court of Common Pleas is reversed, and this cause is remanded to that court with instructions to permit Dunham to withdraw his guilty plea.


By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JULIE A. EDWARDS


WSG:clw 0611

[Cite as *State v. Dunham*, 2012-Ohio-2957.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                        :
                                     :
                Plaintiff-Appellee   :
                                     :
                                     :
-vs-                                 :        JUDGMENT ENTRY
                                     :
JOSHUA DUNHAM                        :
                                     :
                                     :
            Defendant-Appellant      :        CASE NO. 2011-CA-121


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Richland County Court of Common Pleas is reversed, and this cause is remanded

to that court with instructions to permit Dunham to withdraw his guilty plea.  Costs to

appellee.


                                     _____
                                     HON. W. SCOTT GWIN


                                     _____
                                     HON. SHEILA G. FARMER


                                     _____
                                     HON. JULIE A. EDWARDS