[Cite as *State v. Lopez*, 2017-Ohio-4048.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,               :                    No. 16AP-478
                                  (C.P.C. No. 12CR-1884)

v.                                                :

                                     (ACCELERATED CALENDAR)

Omar C. Lopez,                                    :

      Defendant-Appellant.              :

---

### D E C I S I O N

### Rendered on May 30, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Rodriguez Bell & DiFranco Law Office, LLC*, and *Brian C. DiFranco*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Defendant-appellant, Omar C. Lopez, appeals the judgment of the Franklin County Court of Common Pleas in which the court denied his motion to withdraw his guilty plea. For the following reasons, we affirm.

{¶ 2} Appellant is a native of Mexico and entered the United States in February 2000. He has three children who are United States citizens. On November 2, 2015, appellant pled guilty to attempted possession of cocaine, a misdemeanor of the first degree. The trial court issued an entry the same day, finding appellant guilty and sentencing him to 90 days at the Franklin County Correction Center, but suspended as time served.

{¶ 3} Appellant is subject to a final order of removal from the United States Immigration Court which determined that he was statutorily barred from seeking relief from removal pursuant to 8 U.S.C. 1229b(b). In addition, appellant is subject to 8 U.S.C. 1226(c), which mandates custody for any conviction for an offense involving a controlled substance (other than a single offense involving possession for one's own use of 30 grams or less of marijuana). 8 U.S.C. 1227(a)(2)(B)(i).

{¶ 4} On February 29, 2016, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In his motion, appellant claimed his trial counsel was ineffective when she failed to advise him of the consequences that pleading guilty to a controlled substance charge would have on his immigration status. Appellant claimed his attorney told him she had spoken to another attorney regarding the immigration issues and there would be no consequences. Appellant did not believe the conversation occurred.

{¶ 5} The trial court did not hold a hearing on appellant's motion to withdraw his guilty plea and denied the motion on May 24, 2016. Appellant appeals the judgment, asserting the following three assignments of error:

> [I.] The Trial Court abused its' [sic] discretion and denied appellant due process under the U.S. and Ohio Constitutions by failing to address or otherwise adjudicate a Federal claim presented in Appellant's Motion to Withdraw Guilty Plea specifically pursuant to Padilla v. Kentucky, 599 U.S. 356 (2010)[,] 130 S.Ct. 1382 (March 31, 2010)[.] Appellant was denied effective assistance of counsel. Prior to conviction former Counsel failed to provide Appellant affirmative or correct advice or to assist him upon request whether his guilty plea rendered him Removable from the United States.
>
> [II.] The Appellant/Defendant's guilty plea was not made knowingly, intelligently and voluntarily.
>
> [III.] Appellant was denied due process where he presented his ineffective assistance arguments to the trial court in 2016 and the trial court failed to conduct a hearing on the ineffective assistance of counsel arguments and merely ruled on the motion.

{¶ 6} Appellant argues in his first assignment of error the trial court erred when it failed to find he was denied effective assistance of counsel based on counsel's failure to provide him correct advice regarding his immigration status before his guilty plea.

{¶ 7} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Since appellant filed his motion to withdraw his guilty plea after sentencing, the trial court was required to determine whether granting the motion would correct a manifest injustice. "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.' " *State v. Tabor*, 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 6, quoting *State v. Price*, 4th Dist. No. 07CA47, 2008-Ohio-3583, ¶ 11. A defendant seeking to withdraw a guilty plea following the imposition of sentence has the burden of establishing manifest injustice based on specific facts contained in the record or supplied through affidavits attached to the motion. *State v. Ikharo*, 10th Dist. No. 10AP-967, 2011-Ohio-2746, ¶ 8, citing *State v. Orris*, 10th Dist. No. 07AP-390, 2007-Ohio-6499; *State v. Galdamez*, 10th Dist. No. 14AP-527, 2015-Ohio-3681, ¶ 13, citing *State v. Sansone*, 10th Dist. No. 11AP-799, 2012-Ohio-2736, ¶ 7.

{¶ 8} A trial court's ruling on a post-sentence motion to withdraw a plea of guilty, pursuant to Crim.R. 32.1, is reviewed using an abuse of discretion standard. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. Absent an abuse of discretion by the trial court, its decision regarding a Crim.R. 32.1 motion to withdraw a plea of guilty must be affirmed. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "[W]e note that no court has the authority, within its discretion, to commit an error of law." *State v. Tovar*, 10th Dist. No. 11AP-1106, 2012-Ohio-6156, ¶ 7, citing *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 9} To establish a claim of ineffective assistance of counsel, defendant must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Appellant must show that (1) his counsel's performance was so deficient that she was not

functioning as the counsel guaranteed under the Sixth Amendment of the United States Constitution, and (2) that defense counsel's errors prejudiced him. *Galdamez* at ¶ 15, citing *Strickland*. The failure to demonstrate either prong of the test defeats a claim of ineffective trial counsel. *Id.*

{¶ 10} Appellant's argument hinges on the United States Supreme Court case, *Padilla v. Kentucky*, 559 U.S. 356 (2010). In *Padilla*, the court found that a defense attorney has a duty to advise a non-citizen client that "pending criminal charges may carry a risk of adverse immigration consequences," and, if it is "truly clear" what those consequences are, counsel has a duty to provide correct advice of the circumstances to the defendant. *Id.* at 369. The failure of a defense attorney to advise their client accordingly satisfies the first prong of *Strickland*. *Id.* However, because "[i]mmigration law can be complex" there are "numerous situations in which the deportation consequences of a particular plea are unclear or uncertain" and that limits the duty of the private practitioner. "When the law is not succinct and straightforward * * * a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, * * * the duty to give correct advice is equally clear." *Id.*

{¶ 11} A defendant may demonstrate prejudice under the second prong of *Strickland* by demonstrating that " 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.' " *Xie* at 524, quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In *Padilla*, at 372, the Supreme Court found that a defendant demonstrates such prejudice by convincing "the court that a decision to reject the plea bargain would have been rational under the circumstances."

{¶ 12} In *Padilla*, a non-citizen defendant pled guilty to the charge of drug distribution, which is a deportable offense pursuant to 8 U.S.C. 1227(a)(2)(B)(i). Padilla's attorney did not advise him of the deportation consequences of his plea and provided misleading advice by informing him he " 'did not have to worry about immigration status since he had been in the country so long.' " *Id.* at 359, quoting *Commonwealth v. Padilla*, 253 S.W.3d 482, 483 (Ky.2008). Padilla asserted he would have insisted on a trial if he had not received the incorrect advice. The United States Supreme Court held that counsel's failure to inform Padilla regarding the deportation consequences constituted

deficient performance under the first prong of *Strickland* because the relevant immigration statute was succinct and clear. The court did not address the second prong of *Strickland*, but remanded the case for the trial court to determine the prejudice issue.

{¶ 13} We first must determine whether appellant's trial counsel provided ineffective assistance of counsel. We note that appellant did not submit a valid affidavit in support of his motion. Appellant attached an "affidavit" contending that trial counsel never advised him of the immigration consequences and she advised him she had spoken to an immigration attorney and he "would not have any problems regarding his immigration status." ("Affidavit" attached to Mot. to Withdraw Guilty Plea, Feb. 29, 2016 at ¶ 3.) Appellant asserts he did not enter his plea of guilty knowingly because of counsel's incorrect information. However, appellant's "affidavit" was not notarized. *See State v. Graggs*, 10th Dist. No. 10AP-249, 2010-Ohio-5716. There is no indication the affidavit was given under oath.

{¶ 14} Moreover, even if the affidavit were properly notarized, it is still deficient to establish a claim of manifest injustice. The facts of this case differ from the facts of *Padilla* in a significant way. In *Padilla*, the defendant became eligible for deportation based on his plea of guilty. In this case, deportation proceedings had already begun. The "Notice of Hearing of Removal Proceedings" was dated October 27, 2015, and appellant pled guilty on November 2, 2015. Appellant contends his plea of guilty to a controlled substance offense subjected him to deportation pursuant to 8 U.S.C. 1227(a)(2). However, the deportation proceeding had already started.

{¶ 15} Appellant also argues that the plea of guilty disqualified him from obtaining a cancelling of removal under 8 U.S.C. 1229b(b)(1)(C). A cancelling of removal is a benefit that appellant was not guaranteed to receive even without the conviction because appellant did not demonstrate he met the other factors provided in 8 U.S.C. 1229b(b)(1), and the Attorney General retains the discretion to deny the benefit. 8 U.S.C. 1229b provides, as follows:

> (b) Cancellation of removal and adjustment of status for certain nonpermanent residents.
>
> (1) In general. The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for

permanent residence, an alien who is inadmissible or deportable from the United State if the alien –

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3) [8 USCS § 1182(a)(2), 1227(a)(2), or 1227(A)(3)], subject to paragraph (5); and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

{¶ 16}  Appellant did not demonstrate he was otherwise eligible for cancellation of removal since he did not demonstrate that he was continuously in the United States for the previous ten years, although he stated he moved to the United States in 2000, that he has been a person of good moral character, and that removal would cause "exceptional and extremely unusual hardship."

{¶ 17} Appellant also argues that his conviction subjected him to custody under 8 U.S.C. 1226, which provides, as follows:

(c) Detention of criminal aliens.

(1) Custody.  The Attorney General shall take into custody any alien who - -

(A) is inadmissible by reason of having committed any offense covered in section 212(a)(2) [8 USCS § 1182(a)(2)],

(B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) [8 USCS § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)],

(C) is deportable under section 237(a)(2)(A)(i) [8 USCS § 1227(a)(2)(A)(i)] on the basis of an offense for which the alien has been sentence [sentenced] to a term of imprisonment of at least 1 year, or

(D) is inadmissible under section 212(a)(3)(B) [8 USCS § 1182(a)(3)(B)] or deportable under section 237(a)(4)(B) [8 USCS § 1227(a)(4)(B)], when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

{¶ 18} However, again, being in custody pending removal proceedings does not carry the same effects as the removal in *Padilla*.

{¶ 19} Appellant alleges his attorney advised him that he would "not have any problems regarding immigration status." Appellant stated that he believed his attorney never consulted with an immigration lawyer, despite telling him she did.

{¶ 20} Licensed attorneys carry a strong presumption that they act competently. *State v. Smith*, 17 Ohio St.3d 98, 100 (1985). Appellant has not presented affidavits from either his defense attorney or his immigration attorney concerning whether the defense attorney consulted an immigration attorney. Further, as noted above, appellant has not submitted his own affidavit. In the absence of any evidence that his defense attorney did not act competently, she is entitled to a presumption that she did so.

{¶ 21} Finally, appellant signed a plea form stating that his conviction "may have the consequences of deportation from admission to the United States, or denial of naturalization pursuant to the laws of the United States." We further presume that the trial court gave appellant the statutory advisement under R.C. 2943.031(A).[1]

{¶ 22} Even if we were to find appellant's counsel rendered a deficient performance, appellant has not demonstrated prejudice. Appellant stated in his "affidavit" that he "did not enter his plea of guilty knowingly." However, appellant was indicted on a felony of the third degree carrying mandatory prison time and his plea of guilty was to a misdemeanor of the first degree. He does not state that he would not have entered the plea of guilty without his trial counsel's "errors." In *Padilla*, the United States Supreme Court held that a defendant demonstrates prejudice in this context by convincing "the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id.* at 372. Here, appellant has not done so.

---

[1] Appellant did not provide a transcript of the plea hearing, but is not arguing that the trial court did not properly advise him.

{¶ 23} Further, appellant "makes no attempt to explain what defense he would have asserted if the matter had proceeded to trial." *Tovar* at ¶ 15. Appellant did not meet his burden of establishing a manifest injustice or prejudice; therefore, his first assignment of error is overruled.

{¶ 24} Appellant argues in his second assignment of error that the trial court erred when it failed to find his guilty plea was not made knowingly, intelligently, and voluntarily. When a plea is not knowingly, voluntarily or intelligently entered, it may constitute manifest injustice. *Williams* at ¶ 9. However, appellant provided no evidence that supports his contention that trial counsel failed to advise him properly. Appellant did not file his own affidavit nor did he present an affidavit of trial counsel or his immigration counsel. Further, the record does not contain a copy of the transcript of the plea hearing. "In the absence of a transcript, 'this court must presume the regularity of the hearing.' " *State v. Rembert*, 10th Dist. No. 16AP-543, 2017-Ohio-1173, ¶ 13, quoting *State v. Smith*, 11th Dist. No. 2007-T-0076, 2008-Ohio-1501, ¶ 20. Further, appellant's signature on the guilty plea form directly contradicts his contention that his plea was not made knowingly, intelligently, and voluntarily. On review of the record on appeal, we conclude the trial court did not err in finding appellant made his plea of guilty knowingly, intelligently, and voluntarily. Appellant's second assignment of error is overruled.

{¶ 25} Appellant argues in his third assignment of error that the trial court erred when it failed to hold a hearing on his motion to withdraw his guilty plea. A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a plea of guilty. A hearing is only required if the facts, as alleged by the defendant, accepted as true, would require the defendant be allowed to withdraw the plea. *Williams* at ¶ 6, citing *State v. Kent*, 10th Dist. No. 03AP-722, 2004-Ohio-2129, ¶ 8.

{¶ 26} There is nothing in the record in this case that substantiates appellant's contentions. In fact, the only evidence before the trial court regarding immigration was appellant's signature that he understood there may be immigration consequences as a result of his plea. However, appellant submitted an unsworn, self-serving "affidavit" that contends his attorney did not provide correct advice. "[G]enerally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice." *State v. Honaker*, 10th Dist. No. 04AP-146, 2004-Ohio-6256, ¶ 9, citing *State v. Patterson* 5th Dist. No.

2003CA00135, 2004-Ohio-1569, ¶ 18, citing *State v. Laster*, 2d Dist. No. 19387, 2003-Ohio-1564. " '[W]here nothing in the record supports a defendant's claim that his plea was not knowingly and voluntarily made other than his own self-serving affidavit or statement, the record is insufficient to overcome the presumption that the plea was voluntary.' " *Honaker* at ¶ 18, quoting *Laster* at ¶ 8. Considering that is the case here, the trial court did not err when it failed to hold a hearing on appellant's motion to withdraw his guilty plea and his third assignment of error is overruled.

{¶ 27} Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, J., concurs.
HORTON, J., concurs in judgment only.

_____