SEAN C. GALLAGHER, J., DISSENTING:
 

 {¶ 27} I respectfully dissent. After oral argument, we directed the parties "to address the issue of the trial court's acceptance of Grabowski's guilty plea without first advising Grabowski of his right to counsel." The city responded by referencing Grabowski's March 30, 2016 signed acknowledgment of being advised in open court of his right to be represented by an attorney in the proceeding. The change of plea hearing occurred on April 4, 2016, and therefore, the city satisfied any concern with respect to notifying Grabowski of his right to counsel before he pleaded no contest to the charges.
 

 {¶ 28} At the change of plea hearing, the trial court went through most of Grabowski's rights a second time before orally asking for his plea-the trial court had inadvertently missed the right to counsel. Immediately after Grabowski announced his intention to plead no contest, however, the trial court handed him a "change of plea" form, which detailed all the rights Grabowski sacrificed in pleading no contest, and the trial court orally advised Grabowski of his right to counsel. Grabowski signed the form, formally pleaded no contest, and acknowledged for at least the second time in writing that he had been advised of his right to counsel. He also affirmatively waived his right to counsel.
 

 {¶ 29} During the hearing on his motion to withdraw the plea, Grabowski conceded that he was not challenging any procedural aspects of the change of plea hearing. Tr. 5:17-23. This would include a concession as to whether Grabowski was advised of the effects of the no-contest plea. Thus, the only issue preserved was Grabowski's uncounseled plea.
 

 Id.
 

 Grabowski claimed that had he retained counsel, the attorney would have conducted discovery to find that the allegations in the complaint were unfounded. Evidently, the other person involved in the scuffle that led to the disorderly conduct charge recanted after Grabowski pleaded no contest. The trial court concluded that Grabowski was aware of what occurred during the incident giving rise to the complaint and, therefore, Grabowski failed to demonstrate a manifest injustice. The trial court correctly defined "manifest injustice" as a fundamental flaw in the proceedings, which results in a miscarriage of justice.
 
 State v. Lintner
 
 , 7th Dist. Carroll No. 732,
 
 2001 WL 1126654
 
 , *7, citing
 
 State v. Smith
 
 ,
 
 49 Ohio St.2d 261
 
 , 264,
 
 361 N.E.2d 1324
 
 (1977).
 

 {¶ 30} Our review is limited to determining whether the trial court abused its discretion by overruling a post-sentence motion to withdraw a plea.
 
 State v. Lopez
 
 , 10th Dist. Franklin No. 16AP-478,
 
 2017-Ohio-4048
 
 ,
 
 2017 WL 2334078
 
 , ¶ 8. When a convicted offender files a motion to withdraw a plea after the sentence is imposed, a trial court is required to determine whether withdrawing the plea would correct a manifest injustice.
 
 Id.
 
 at ¶ 7. The majority does not find error with the denial of the motion to withdraw the plea, but
 instead finds error in the trial court accepting the no contest plea because it was not voluntarily, knowingly, or intelligently entered. In other words, the majority is applying the standard of review for an offender seeking to withdraw his plea before the sentence is imposed.
 
 See, e.g.
 
 ,
 
 State v. Small
 
 ,
 
 2017-Ohio-110
 
 ,
 
 80 N.E.3d 1234
 
 , ¶ 12. We need not address whether the plea was knowingly, voluntarily, and intelligently entered. The issue before this court is whether the trial court abused its discretion in finding that Grabowski failed to demonstrate a manifest injustice under Crim.R. 32.1.
 

 {¶ 31} The record demonstrates that Grabowski was properly advised of his right to counsel and affirmatively waived that right. Crim.R. 32.1 ;
 
 State v. Bush
 
 ,
 
 96 Ohio St.3d 235
 
 ,
 
 2002-Ohio-3993
 
 ,
 
 773 N.E.2d 522
 
 , ¶ 8. Further, Grabowski conceded that there were no flaws in the change of plea proceeding. A defendant can only establish a manifest injustice in "extraordinary cases."
 
 Smith
 
 at 264,
 
 361 N.E.2d 1324
 
 . "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment."
 

 Id.
 

 , citing
 
 Kadwell v. United States
 
 ,
 
 315 F.2d 667
 
 , 670 (9th Cir.1963) ;
 
 State v. Godwin
 
 , 8th Dist. Cuyahoga No. 103224,
 
 2016-Ohio-117
 
 ,
 
 2016 WL 196961
 
 , ¶ 12 (recognizing that defendants should not be encouraged to tentatively plead guilty in order to test the consequences of that decision), citing
 
 State v. Britton
 
 , 8th Dist. Cuyahoga No. 98158,
 
 2013-Ohio-99
 
 ,
 
 2013 WL 178101
 
 .
 

 {¶ 32} Although I sympathize with Grabowski's change of heart, in large part because of his realizing the practical effects of a conviction (he was supposedly fired from his job because of it), we cannot condone the practice of allowing defendants the opportunity to plead to lesser charges to first test the consequences before deciding whether to abide with the plea deal.
 
 Godwin
 
 at ¶ 12. This is not an extraordinary circumstance, nor has Grabowski explained how it could be considered as such. Grabowski acknowledged his being advised of all the rights he sacrificed in pleading no contest on at least two occasions, and on a third occasion, the trial court orally advised him of all but his right to counsel, before the change of plea was formally entered. Further, Grabowski conceded that there were no procedural flaws in the change of plea process. There is no manifest injustice, and I would affirm.