[Cite as *State v. Ford*, **2019-Ohio-2991**.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin J. |
| -vs- | : | |
| | : | |
| DAEMON FORD | : | Case No. 2019CA00028 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:   Appeal from the Stark County Court
of Common Pleas, Case No. 14-CR-
1993A


JUDGMENT:   Affirmed


DATE OF JUDGMENT:   July 23, 2019


APPEARANCES:

For Plaintiff-Appellee

ANDREA K. BOYD
150 East Gay Street
16th Floor
Columbus, OH  43215

For Defendant-Appellant

DAEMON FORD, PRO-SE
#A664-328
Marion Correctional Institution
P.O. Box 57
Marion, OH  43301

*Baldwin, J.*

{¶ 1} Defendant-Appellant, Daemon Ford, appeals his April 28, 2015 sentence by the Court of Common Pleas of Stark County, Ohio. Appellant also appeals the trial court's January 18, 2019 judgment entry denying his motion to withdraw his plea. Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 12, 2014, the Stark County Grand Jury indicted appellant on one hundred twenty-six counts involving nineteen offenses including drug trafficking (R.C. 2925.03), drug possession (R.C. 2925.11), conspiracy (R.C. 2923.01), engaging in a pattern of corrupt activity (R.C. 2923.32), and having weapons while under disability (R.C. 2923.13).

{¶ 3} On February 27, 2015, appellant pled guilty to twelve of the counts, two counts of trafficking in heroin, two counts of trafficking in cocaine, two counts of possession of heroin, two counts of possession of cocaine, two counts of conspiracy to trafficking, one in heroin and one in cocaine, the corrupt activity count, and the weapons count. The remaining counts were dismissed. By judgment entry filed April 28, 2015, the trial court sentenced appellant to an aggregate term of eight years in prison. Appellant did not appeal his convictions and sentence.

{¶ 4} On November 13, 2018, appellant filed a motion to withdraw his guilty pleas, claiming ineffective assistance of counsel, his guilty pleas were involuntary and unintelligent, and plain error in sentencing. By judgment entry filed January 18, 2019, the trial court denied the motion.

**{¶ 5}** Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

**{¶ 6}** "I. THE TRIAL COURT ERRED WHEN ACCEPTING A GUILTY PLEA TO SPECIFIC OFFENSES AND THE CONSPIRACIES OF COMMITTING THE SPECIFIC OFFENSES THEN SENTENCING APPELLANT FOR BOTH IN VIOLATION OF THE STATUTORY LAW R.C. 2923.01(G) THUS VIOLATING 5TH AND 14TH AMENDMENT OF THE U.S. CONSTITUTION AND OHIO CONSTITUTION ART. 1 SECT. 10 PROCEDURAL DUE PROCESS OF LAW AND PROTECTION FROM DOUBLE JEOPARDY."

**{¶ 7}** "II. EVEN ON AGREED UPON SENTENCE IN ACCORDANCE WITH R.C. 2953.08(D) TRIAL COURT ERRED AND LACK THE AUTHORITY TO SENTENCE APPELLANT ON MORE THAN ONE COUNT PURSUANT TO OHIO REVISED CODE 2923.01 CONSPIRACY (A)(1)(F) UNDER A SINGLE COUNT INDICTMENT CASE, THUS VIOLATING THE U.S. CONSTITUTION 5TH AND 14TH AMENDMENT AND OHIO CONSTITUTION ART. 1. SECT. 10."

**{¶ 8}** "III. THE TRIAL COURT ERRED IN FAILING TO ORDER AN EVIDENTIARY HEARING ON APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL THUS VIOLATING PROCEDURAL DUE PROCESS OF THE 5TH, 6TH AND 14TH AMENDMENT UNDER THE U.S. CONSTITUTION AND ART. 1 SECT. 10 UNDER OHIO CONSTITUTION."

I,II

**{¶ 9}** In his first and second assignments of error, Appellant claims the trial court erred in accepting his guilty pleas for specific offenses and the conspiracy counts for

committing the specific offenses and then sentencing him on each. Appellant also claims the trial court erred in sentencing him on more than one count of conspiracy. We hold that these assignments of error are barred by res judicata because Appellant failed to assert these errors in a direct appeal. *State v. Szefcyk,* 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233 (1996).

{¶ 10} Assignments of Error I and II are denied.

{¶ 11} In his third assignment of error, appellant claims the trial court erred in failing to hold a hearing on his motion to withdraw.

{¶ 12} All of appellant's claims made in his motion to withdraw could have been raised on direct appeal which appellant chose not to pursue. Therefore, we hold appellant's arguments on appeal are barred by the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus ("a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment"). "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw guilty plea that were or could have been raised at trial or on appeal." *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9.

{¶ 13} Even if we were to consider the merits of Appellant's third assignment of error, our decision would not change.

{¶ 14} In deciding a Crim.R. 32.1 motion, the good faith, weight, and credibility of a moving party's assertions are a matter for resolution by the trial court. *State v. Smith,*

49 Ohio St.2d 261, 264 (1977). Thus, the trial court has great discretion in assessing the credibility of affidavits used to support a Crim.R. 32.1 motion. *State v. Roberts*, 8th Dist. No. 93439, 2010–Ohio–1436. Appellant's motion to withdraw his guilty pleas was filed almost four years after his sentencing. Although not dispositive on its own, "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith*, supra at paragraph three of the syllabus as quoted in *State v. Martin,* 5th Dist. Richland No. 11CA0116, 2012-Ohio-4394, ¶¶ 14-15

{¶ 15} "A trial court is not automatically required to hold a hearing on a post sentence motion to withdraw a plea of guilty. A hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *State v. Bable,* 5th Dist. Fairfield No. 18-CA-32, 2019-Ohio-1209, ¶ 33, citing *State v. Kent*, 10th Dist. Franklin No. 03AP722, 2004-Ohio-2129, ¶ 8. "An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required when the movant fails to submit evidentiary materials demonstrating a manifest injustice." *State v. Robinson,* 9th Dist. Summit No. 27881, 2017-Ohio-272, ¶ 11.

{¶ 16} A trial court's decision whether to hold a hearing on a motion to withdraw is reviewed under the abuse of discretion standard. *Bable, supra,* at ¶ 34, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 17} The trial court conducted a thorough analysis of the record and concluded that Appellant's allegations were belied by the record.  We have held that Appellant's request to withdraw his plea is barred by res judicata, but, if we were to consider the merits, we would hold that the trial court did not abuse its discretion by not conducting a hearing because the materials submitted in support of Appellant's motion to withdraw did not demonstrate a manifest injustice that warranted a hearing.

{¶ 18} Assignment of Error III is denied.

{¶ 19} The decision of the Stark County Court of Common Pleas is affirmed. The judgment of the Stark County Court of Common Pleas is hereby affirmed.

By Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.