[Cite as *State v. Rangel*, 2019-Ohio-1845.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-102** |
| GILBERTO RANGEL, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2014 CR 000846.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*G. Michael Goins*, 13609 Shaker Boulevard, Suite 3-A, Cleveland, OH 44120 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Gilberto R. Rangel, appeals the trial court's denial of his successive motion to withdraw his guilty plea without hearing. He argues the trial court erred in not holding a hearing as his evidentiary materials were sufficient to establish that he was denied effective assistance of trial counsel prior to pleading guilty. We affirm.

{¶2} In October 2014, appellant was involved in a motor vehicle accident. His vehicle collided with a minivan carrying four persons. After the collission, he failed field

sobriety tests, admitted to drinking a few beers immediately before driving, and had a breath-alcohol concentration of 0.184. Two of the minivan occupants suffered serious physical injures, and the remaining two sustained psychological harm.

{¶3} In August 2015, the state filed an information charging appellant with two counts of aggravated vehicular assault, under R.C. 2903.08(A)(1)(a), and one count of operating a motor vehicle under the influence of alcohol, under R.C. 4511.19(A)(1)(a). Two weeks later, appellant entered a guilty plea to all three charges. After accepting the guilty plea, finding him guilty of all charges, and holding a sentencing hearing, the trial court imposed thirty-month terms on the aggravated vehicular assault counts and six-months on the OVI count, consecutive, for an aggregate prison term of 66 months.

{¶4} Appellant pursued a direct appeal of his conviction and sentence, asserting two sentencing assignments and ineffective assistance of trial counsel during sentencing. We affirmed in all respects. *State v. Rangel*, 11th Dist. Lake No. 2015-L-119, 2016-Ohio-7148.

{¶5} In June 2017, after serving approximately nineteen months, appellant moved the trial court to vacate and/or change his guilty plea, arguing that he was denied effective assistance of counsel prior to entering the guilty plea and due process during the plea hearing because he was not provided with an interpreter. The trial court denied the motion primarily because appellant failed to demonstrate manifest injustice. In so doing, the trial court addressed both arguments raised. Appellant did not pursue an appeal from that decision.

{¶6} On May 21, 2018, appellant filed a successive motion to withdraw his guilty plea under Crim.R. 32.1. In the motion, he asserts the same arguments that formed the

bases of his June 2017 motion to vacate, lack of an interpreter and ineffective assistance of trial counsel. The only difference between the two motions is that the successive motion is supported with affidavits of his employer and various family members.

{¶7} The state opposed and thereafter, the trial court denied the motion. The trial court repeated much of the analysis contained in its prior judgment denial. The trial court also found his successive motion barred by res judicata because appellant's arguments either were, or could have been raised, in his prior motion.

{¶8} Appellant asserts one assignment for review:

{¶9} "The trial court abused its discretion when it denied appellant's post-sentence motion to withdraw his guilty plea in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution."

{¶10} Appellant does not argue that the trial court erred in finding his successive motion to withdraw is barred under res judicata.

{¶11} Even though appellant's June 2017 motion was not captioned as a motion to withdraw his guilty plea under Crim.R. 32.1, it requested that the guilty plea be vacated. Moreover, although the June 2017 motion was submitted by a different attorney and was worded slightly differently than the motion to withdraw, both motions assert the same arguments.

{¶12} "[R]es judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding such as a direct appeal or a prior motion to withdraw a guilty plea. *State v. Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575, ¶ 14; *State v. Swinson*, 12th Dist. Clermont No. CA2016-05-024, 2017-Ohio-150, ¶ 12. Thus, res judicata will apply when

a defendant raises piecemeal claims in successive Crim.R. 32.1 post-sentence motions to withdraw a guilty plea that could have been raised on direct appeal or in a previous Crim.R. 32.1 motion. *State v. Colvin*, 7th Dist. Mahoning No. 15 MA 0162, 2016-Ohio-5644, ¶ 47; *State v. Hughes*, 8th Dist. Cuyahoga No. 97311, 2012-Ohio-706, ¶ 9." *State v. Green*, 12th Dist. Butler No. CA2016-09-187, 2017-Ohio-2800, ¶ 13.

{¶13} The sole difference between the first motion to vacate and the successive motion to withdraw is that the latter is supported by seven affidavits. To the extent that the averments in these affidavits relate to appellant's "interpreter" and "ineffective assistance" arguments, they were known since the time appellant pleaded guilty. Appellant, moreover, does not allege in his successive motion that he could not have obtained these affidavits to support his first motion to withdraw. Thus, the May 2018 motion to withdraw was not predicated upon any newly discovered evidence. It was merely a re-assertion of the same arguments the trial court had already considered and rejected in the first motion.

{¶14} The trial court did not err in overruling his successive motion to withdraw due to res judicata. Appellant's sole assignment is overruled.

{¶15} The judgment of the Lake County Court of Common Pleas is affirmed.