[Cite as *State v. Wilson* , 2020-Ohio-1136.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 19AP-536 |
| | | (C.P.C. No. 17CR-1372) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Joseph P. Wilson, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on March 26, 2020

---

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Kimberly M. Bond,* for appellee.

**On brief:** *Joseph P. Wilson*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Joseph P. Wilson, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} By indictment filed March 9, 2017, plaintiff-appellee, State of Ohio, charged Wilson with one count of felonious assault, in violation of R.C. 2903.11, a second-degree felony; one count of menacing by stalking, in violation of R.C. 2903.211, a fourth-degree felony; and one count of tampering with evidence, in violation of R.C. 2921.12, a third-degree felony. After initially entering a plea of not guilty, on January 10, 2018, Wilson changed his plea to guilty of one count of felonious assault in exchange for a nolle prosequi on the other two counts.

{¶ 3}  The trial court conducted a plea hearing on January 10, 2018, during which the trial court questioned Wilson to ensure he was entering his plea knowingly and voluntarily.  After conducting the plea colloquy, the trial court accepted Wilson's guilty plea to one count of felonious assault and entered a nolle prosequi on the other two counts.

{¶ 4}  Subsequently, the trial court conducted a sentencing hearing on April 26, 2018, where the trial court heard from Wilson and the victim and stated it considered the presentence investigation report.  At the conclusion of the sentencing hearing, the trial court sentenced Wilson to six years in prison.  The trial court journalized Wilson's conviction and sentence in an April 26, 2018 judgment entry.

{¶ 5}  Wilson failed to file a timely appeal from the judgment of his conviction. However, on August 3, 2018, Wilson filed a motion for leave to file a delayed appeal.  This court denied his motion for leave to file delayed appeal on October 24, 2018 based on Wilson's failure to provide a reasonable explanation for his failure to file a timely appeal. Subsequently, Wilson again attempted to file a direct appeal on December 20, 2018, and this court dismissed his attempted appeal on December 27, 2018.

{¶ 6}  On October 10, 2018, while his motion for leave to file a delayed appeal was pending before this court, Wilson filed in the trial court a motion to withdraw his guilty plea.  The trial court denied Wilson's motion to withdraw his plea on November 9, 2018. Wilson did not appeal that decision.  Wilson then filed a second motion to withdraw his plea on November 26, 2018, supporting his motion with a memorandum that was identical to his October 10, 2018 pleading.

{¶ 7}  On January 10, 2019, Wilson filed a motion to vacate his sentence and a petition for post-conviction relief.  Additionally, on July 10, 2019, Wilson filed a third motion to withdraw his guilty plea.  The state opposed all of these motions.

{¶ 8}  Among Wilson's arguments in all his motions to withdraw his guilty plea was that the April 26, 2018 judgment entry erroneously indicated that his prison sentence was mandatory.  The state responded that this error was a clerical error.  On July 24, 2019, the trial court issued an amended judgment entry correctly indicating that Wilson's sentence was not mandatory.

{¶ 9} Also on July 24, 2019, the trial court issued a decision and entry denying Wilson's motion to vacate his sentence, his petition for postconviction relief, and his July 10, 2019 motion to withdraw his guilty plea. Wilson timely appeals.

## II. Assignment of Error

{¶ 10} Wilson assigns the following error for our review:

> The trial court erred and abused its discretion by dismissing appellant's pre-sentence motion to withdraw guilty plea without a hearing.

## III. Discussion

{¶ 11} In his sole assignment of error, Wilson argues the trial court erred in denying his motion to withdraw his guilty plea without a hearing. As an initial matter, we note that while the trial court's July 24, 2019 decision and entry disposed of three separate filings by Wilson, Wilson's arguments on appeal relate only to the trial court's denial of his motion to withdraw his guilty plea, and we thus similarly focus our decision.

{¶ 12} Although Wilson did not file his motion to withdraw his guilty plea until after the trial court imposed his sentence, Wilson nonetheless attempts to recast his motion as a *presentence* motion to withdraw his plea. In support, Wilson argues that the error in his original judgment entry indicating his sentence was mandatory rendered his sentence void, so his July 10, 2019 motion must technically qualify as a presentence motion. However, the error in the original April 26, 2018 judgment entry was a clerical error capable of correction at any time by the trial court. *State v. Lawson*, 10th Dist. No. 18AP-355, 2019-Ohio-2526, ¶ 31. Thus, Wilson's argument that the trial court's issuance of an amended nunc pro tunc entry somehow transforms his post-sentence motion to withdraw into a presentence motion to withdraw his plea lacks merit. *State v. Hazel*, 10th Dist. No. 10AP-1013, 2011-Ohio-4427, ¶ 17.

{¶ 13} Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, a trial court may allow a post-sentence withdrawal of a guilty plea only to correct a manifest injustice. *State v. Morris*, 10th Dist. No. 19AP-152, 2019-Ohio-3795, ¶ 11. A defendant seeking a post-sentence withdrawal of a guilty plea

bears the burden of establishing the existence of a manifest injustice. *Id.*, citing *State v. Morgan*, 10th Dist. No. 12AP-241, 2012-Ohio-5773, ¶ 11. The term " '[m]anifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *Morgan* at ¶ 10, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5.

{¶ 14} The decision to grant or deny a motion to withdraw a guilty plea made under Crim.R. 32.1 rests within the sound discretion of the trial court, and we will not disturb that decision on appeal absent an abuse of discretion. *Morris* at ¶ 12, citing *Morgan* at ¶ 11. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} Wilson asserts the trial court erred in denying his motion to withdraw his plea without holding a hearing. A trial court is not required to hold a hearing on a post-sentence motion to withdraw a guilty plea. *State v. Rembert*, 10th Dist. No. 16AP-543, 2017-Ohio-1173, ¶ 20, citing *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343, ¶ 11. Instead, "[a] hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *Spivakov* at ¶ 11, citing *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 9.

{¶ 16} Here, the arguments Wilson raised in his July 10, 2019 motion to withdraw his guilty plea are barred by res judicata. "It is well-established that res judicata bars claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding such as a direct appeal or a prior motion to withdraw a guilty plea." *Morris* at ¶ 13, citing *State v. Rangel*, 11th Dist. No. 2018-L-102, 2019-Ohio-1845, ¶ 12. Wilson did not file a timely appeal from his judgment of conviction and sentence, and this court denied his request for leave to file a delayed appeal. He then filed a motion to withdraw his guilty plea in October 2018, and he did not appeal the trial court's denial of that motion. Though Wilson argues he received the ineffective assistance of counsel, he could have raised that issue in a direct appeal or by prior motion. Consequently, the doctrine of res judicata operates to bar his motion, and the trial court, therefore, did not err in denying Wilson's motion to withdraw his guilty plea without a hearing. *Morris* at ¶ 13. We overrule Wilson's sole assignment of error.

**IV. Disposition**

{¶ 17} Based on the foregoing reasons, the trial court did not err in denying Wilson's post-sentence motion to withdraw his guilty plea without a hearing.  Having overruled Wilson's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and DORRIAN, J., concur.

———————————