[Cite as *State v. Mobley*, 2021-Ohio-492.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-350 |
| v. | : | (C.P.C. No. 16CR-2061) |
| Alphonso D. Mobley, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 23, 2021

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Alphonso D. Mobley, Jr.*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Alphonso D. Mobley, Jr., acting pro se, appeals from a judgment of the Franklin County Court of Common Pleas denying his Crim.R. 32.1 motion to withdraw his guilty plea. For the following reasons, we affirm.

{¶ 2} On April 15, 2016, appellant was charged in a six-count indictment, including one count of aggravated arson in violation of R.C. 2909.02, and one count of criminal use of an explosive device in violation of R.C. 2909.27; each count also carried a firearm specification. On May 1, 2017, appellant entered a counseled guilty plea to one count of aggravated arson, with a firearm specification, and one count of criminal use of an explosive device. On the same day, the trial court sentenced appellant to an aggregate prison term of 14 years. Appellant did not appeal the May 1, 2017 judgment of conviction.

{¶ 3} On October 25, 2017, appellant filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1, essentially arguing that the plea was involuntary because the aggravated arson and criminal use of explosives should have merged pursuant to R.C. 2941.145. The trial court overruled the motion on December 15, 2017, finding that res judicata barred appellant from raising the merger argument, as it could have been raised in a direct appeal from the judgment of conviction and sentence. Alternatively, the trial court determined that appellant did not allege facts in his motion to support a finding of manifest injustice, prosecutorial misconduct, or ineffective assistance of trial counsel. Consequently, the trial court denied the motion without an evidentiary hearing. Appellant timely appealed to this court. In a decision rendered on September 25, 2018, we affirmed. *State v. Mobley*, 10th Dist. No. 18AP-23, 2018-Ohio-3880.

{¶ 4} In the interval between the trial court's denial of the Crim.R. 32.1 motion and our affirmance thereof, appellant, on July 6, 2018, filed a pro se motion for leave to file a delayed appeal from the May 1, 2017 judgment of conviction. In his motion, appellant set forth the reasons for his failure to timely perfect an appeal, as well as the substantive argument he proposed to raise on direct appeal, i.e., that the indictment was defective. This court denied appellant's motion on grounds that he failed to meet his App.R. 5(A) burden of demonstrating a reasonable explanation for failure to perfect a timely appeal. *State v. Mobley*, 10th Dist. No. 18AP-539 (Oct. 25, 2018).

{¶ 5} On December 18, 2019, appellant filed a second Crim.R. 32.1 motion to withdraw his guilty plea; he filed an amendment to his motion on January 10, 2020. In his December 18, 2019 filing, appellant asserted that manifest injustice compelled the withdrawal of his guilty plea, arguing that (1) he involuntarily waived his right to counsel on appeal, resulting in a forfeiture of his right to a timely appeal; (2) he unintelligently pled guilty to less than all the elements of R.C. 2909.02(A)(1) and 2929.27(A); (3) the conditions of the plea agreement were not entered into the record, resulting in the involuntary waiver of the right to notice of the nature and cause of the allegations; and, (4) he was denied effective assistance of counsel due to counsel's failure to investigate evidence, object to amendments of the indictment, file a notice of appeal, and request appointment of counsel on appeal. In his January 10, 2020 filing, appellant further asserted that he involuntarily waived his rights (1) to have the trial court consider a victim impact statement and make findings of harm, (2) to court approval of nolle prosequi of the firearm specification, and,

(3) regarding forfeiture of his property.  Appellant also asserted claims for fraud on the court perpetrated by the prosecutor and defense counsel and prejudicial conduct/bias on the part of the trial judge.

{¶ 6}  In its judgment denying appellant's motion, the trial court concluded that no manifest injustice occurred, specifically finding that appellant's assertions that he waived his right to appellate counsel, that he pled guilty to insufficient elements of the offenses, that the terms of the plea agreement were not entered into the record, and that his counsel was ineffective were unsupported by the record.  As noted above, these assertions were made in appellant's initial filing on December 18, 2019.  The trial court did not expressly address the additional assertions made in the January 10, 2020 amended filing.  In addition to finding no manifest injustice, the trial court determined that appellant's motion was untimely, having been filed more than two and one-half years after entry of his guilty plea.  Finally, the trial court found that res judicata barred appellant from raising the claims underlying his motion because those claims could have been raised in his prior motion to withdraw his guilty plea.  Accordingly, the trial court denied the motion without an evidentiary hearing.

{¶ 7}  Appellant timely appeals, advancing two assignments of error for our review:

> I. The trial court abused its discretion when it found: (1) No Manifest Injustice; (2) Res judicata bars relief; (3) There exist[s] an undue delay.
>
> II. The trial court abused its discretion when it failed to consider: (1) Breach of Contract; (2) Fraud on the Court by officers of the Court and Defense Counsel.

{¶ 8}  Appellant's assignments of error are interrelated and will be considered together.[1]  In them, appellant contends that the trial court abused its discretion in denying

---

[1] We note that addition to his briefing, appellant has filed several documents in this court purportedly relevant to his appeal.  On July 20, 2020, appellant filed documents captioned "Statement of Evidence Pursuant to Ohio App.R. 9(C)," "Statement to the Clerk Pursuant to Ohio App.R. 9(B)(5)," and "Statement of Proceedings Pursuant to Ohio App.R. 9(C)."  To the extent appellant intends these documents to be a substitute for the actual appellate record certified and filed by the Franklin County Clerk of Courts, the filings are improper.  The record certified and filed by the clerk is complete and includes a transcript of the plea and sentencing proceedings.  As such, the provisions in App.R. 9 are inapplicable.  Further, on August 6, 2020, appellant filed a document captioned "Judicial Notice of Adjudicative Facts Ohio Evidence Rule 201."  Attached to this document are various unauthenticated documents purporting to be responses to correspondence appellant sent to various public agencies, including the Columbus Division of Fire, Fire and Explosives Investigations Unit, the Franklin County Public Defender, the Ohio Public Defender, and the Ohio Department of Commerce.  It does not appear that these documents are contained in the appellate

his motion to withdraw his guilty plea on grounds of no manifest injustice, res judicata, and undue delay and in failing to consider his claims for breach of contract and fraud on the court.

{¶ 9} "Motions to withdraw guilty pleas are governed by Crim.R. 32.1, which provides that the motion 'may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.' " *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343, ¶ 9, quoting Crim.R. 32.1. "Manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process." *Id.* at ¶ 10, citing *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. " ' "[I]t is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." ' " *Id.*, quoting *State v. Gripper*, 10th Dist. No. 10AP-1186, 2011-Ohio-3656, ¶ 7, quoting *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). "A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing a manifest injustice based on specific facts either contained in the record or supplied through affidavits attached to the motion." *Id.*, citing *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 8.

{¶ 10} "An appellate court will not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion." *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 8, citing *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210, ¶ 5. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *State v. Wilson*, 10th Dist. No. 19AP-536, 2020-Ohio-1136, ¶ 14, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Where, however, the issue is the applicability of res judicata, which is a question of law, an appellate court conducts a de novo review. *Muhumed* at ¶ 11, citing *EMC Mtge. Corp v. Jenkins*, 164 Ohio App.3d 240, 249, 2005-Ohio-5799, ¶ 15 (10th Dist.).

{¶ 11} Appellant's successive motion to withdraw his guilty plea (comprised of the December 18, 2019 and January 10, 2020 filings) is barred by res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from

---

record. Accordingly, appellant's reliance on these documents in support of his assignments of error is improper. *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus.

that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis omitted.)  *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.  " ' "[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." ' "  *State v. Walden*, 3d Dist. No. 4-15-13, 2016-Ohio-258, ¶ 19, quoting *State v. Schwieterman*, 3d Dist. No. 10-09-12, 2010-Ohio-102, ¶ 23, quoting *State v. Saxton*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18. Consistent with these principles, this court has repeatedly held that res judicata bars a party from raising issues in a postsentencing Crim.R. 32.1 motion that were or could have been raised in a direct appeal.  *State v. Ikharo*, 10th Dist. No. 10AP-967, 2011-Ohio-2746, ¶ 11, citing *State v. Hagler*, 10th Dist. No. 10AP-291, 2010-Ohio-6123.

{¶ 12}  Here, all of appellant's asserted claims appear on the face of the record and could have been raised on direct appeal.  Appellant admits as much in his brief.  (Appellant's Brief at 2, 7, 13, 17, 19, and 32.)

{¶ 13}  To the extent appellant argues that he could not have raised his claims on direct appeal because he was not advised of his appellate rights at the time he entered his plea, we note that " ' "[t]he trial court's duty to advise a defendant of his right to appeal does not arise until sentencing and, therefore, has no effect upon whether the defendant's guilty plea was entered knowingly, voluntarily, and intelligently." ' "  *State v. Allen*, 9th Dist. No. 27494, 2017-Ohio-2831, ¶ 15, quoting *State v. Jordan*, 9th Dist. No. 27690, 2015-Ohio-4354, ¶ 6, quoting *State v. Meredith*, 9th Dist. No. 25198, 2011-Ohio-1517, ¶ 6.  *See also State v. Tunstall*, 2d Dist. No. 23730, 2010-Ohio-4926, ¶ 35 (failure properly to advise a defendant of his appellate rights has no bearing on the validity of a guilty plea).

{¶ 14}  Moreover, the record includes appellant's signed, written plea of guilty, which demonstrates that appellant was advised of his appellate rights.  Indeed, the plea agreement states that "I understand that I can appeal as a matter of right from my plea and sentence within thirty days of the filing of my judgment of conviction."  (May 1, 2017 Entry of Guilty Plea, at 2.)  Appellant admitted at the plea hearing that he signed the plea agreement, reviewed it with his attorney, and understood its contents.  (May 1, 2007 Tr. at 35.) Appellant concedes that "on page two of the plea agreement appellant acknowledges that he has the right to appeal from his sentence and plea."  (Appellant's Brief at 5.)

{¶ 15} In addition, appellant could have, but did not, assert the claims raised in his second Crim.R. 32.1 motion in his July 6, 2018 motion for leave to file a delayed appeal of his May 1, 2017 judgment of conviction. As noted above, appellant's motion asserted as grounds for appeal only that the indictment was defective.

{¶ 16} Finally, the claims appellant asserts in his second Crim.R. 32.1 motion are also barred by res judicata because they could have been raised in his first Crim.R. 32.1 motion. Appellant acknowledges that he "is aware that both of the claims could have been presented in his previous 32.1 motion." (Appellant's Brief at 17.) "Res judicata * * * acts to bar raising issues in a successive Crim.R. 32.1 motion to withdraw a plea of guilty where those issues could have been raised in the prior Crim.R. 32.1 motion." *Ikaro*, 10th Dist. No. 10AP-967, 2011-Ohio-2746, at ¶ 11, citing *State v. Gallegos-Martinez*, 5th Dist. No. 10-CAA-06-0043, 2010-Ohio-6463, ¶ 12. Appellant maintains that he could not have raised all of the claims in his first Crim.R. 32.1 motion because "all of his claims are based on the trial court[']s record" and, accordingly, res judicata would have barred those claims. (Appellant's Brief at 8-9.) Appellant's argument suggests that because res judicata barred him from raising his claims in his first Crim.R. 32.1 motion, he should be permitted to raise the same claims in a successive motion to withdraw. As observed by the state, "[s]imply to state this argument is enough to defeat it." (Appellee's Brief at 8.)

{¶ 17} Appellant's successive motion to withdraw his guilty plea (comprised of both the December 18, 2019 and January 10, 2020 filings) is barred by res judicata because the claims asserted therein could have been raised on direct appeal or in his motion for delayed appeal and, further, could have been raised in his first motion to withdraw his guilty plea. Accordingly, the trial court properly denied appellant's successive Crim.R. 32.1 motion to withdraw his guilty plea.

{¶ 18} Having so determined, we overrule appellant's first and second assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

————————————