[Cite as *State v. Tanksley*, 2021-Ohio-2900.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 20AP-89 |
| v. | : | (C.P.C No. 04CR-3347) |
| Daniel Tanksley, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 24, 2021

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, *Sarah V. Edwards*, for appellee.

**On brief:** *Daniel Tanksley*, pro se.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Daniel Tanksley, appeals from the judgment of the Franklin County Court of Common Pleas denying his "Omnibus Motion for Relief," which the trial court treated as a motion to withdraw a guilty plea. For the following reasons, we affirm the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 1, 2004, appellant was charged in juvenile court on one delinquency count of murder. The juvenile court found probable cause and bound appellant over to the common pleas court for trial as an adult. On May 26, 2004, appellant was indicted on charges for aggravated murder, a violation of R.C. 2903.01, which carries a possible sentence of incarceration for up to 30 years to life, and a discharge of a firearm

from a vehicle specification, a violation of R.C. 2941.145 and 2941.146.  On April 26, 2005, appellant pled guilty to the lesser charge of murder, a felony of the first degree, a violation of R.C 2903.02, which carries a maximum sentence of incarceration for up to 20 years to life, and a discharge of a firearm from vehicle specification.  The trial court sentenced appellant to "Fifteen (15) years to Life with an additional Five (5) years for the use of a firearm at the Ohio Department of Rehabilitation and Correction."  (Apr. 27, 2005 Jgmt. Entry at 2.)

{¶ 3}   Appellant failed to file a timely appeal.  Eight months after the filing deadline, appellant moved for leave to file a delayed appeal pursuant to App.R. 5(A).  *State v. Tanksley*, 10th Dist. No. 06AP-24 (Mar. 16, 2006) (memorandum decision).  This court denied appellant's motion for leave, finding appellant failed to demonstrate a reasonable explanation for failure to perfect a timely appeal.  *Id.*

{¶ 4}   In 2013, appellant filed a motion to withdraw his guilty plea and a petition for postconviction relief, both of which were denied by the trial court.  The trial court denied his petition finding, in part, it was untimely.  On appeal, this court affirmed the decision of the trial court.  *State v. Tanksley*, 10th Dist. No. 13AP-769, 2014-Ohio-1194.

{¶ 5}   On March 20, 2019, the Ohio legislature enacted R.C. 2903.41 through 2903.44, otherwise known as Sierah's Law.  Sierah's Law sets forth the presumption that all offenders who plead guilty to or are convicted of aggravated murder, murder, voluntary manslaughter, kidnapping, and abduction are violent offenders.  R.C. 2903.41(A)(1)(a).  On release from confinement, a violent offender is required to "enroll in the violent offender database personally with the sheriff of the county in which the violent offender resides[.]"  R.C. 2903.43(A).  Violent offenders are required to re-enroll in the database each year for a period of ten years.  R.C. 2903.41(I).

{¶ 6}   Pursuant to R.C. 2903.42(A)(1)(b), appellant was informed of his obligation to register with the violent offender database ("VOD") on March 19, 2019 via notice from the Department of Rehabilitation and Correction Legal Services.  (Ex. A, attached to Apr. 25, 2019 Def.'s Omnibus Mot. for Relief.)  On April 25, 2019, appellant filed the motion at issue here, entitled "Omnibus Motion for Relief" ("motion"), seeking to withdraw his guilty plea due to the enactment of Sierah's Law.  The trial court denied the motion, finding

both that appellant's arguments were not yet ripe and that requirements under Sierah's Law did not constitute a breach of appellant's plea agreement.

## II. ASSIGNMENT OF ERROR

{¶ 7} Appellant assigns the following as trial court errors:

[1.] The trial court erred when determining appellant's claims were not ripe for review.

[2.] The trial court abused its discretion when it denied appellant's motion to withdraw guilty plea.

## III. LEGAL ANALYSIS

### A. Appellant's First Assignment of Error

{¶ 8} In appellant's first assignment of error, appellant argues the trial court erred when determining "[appellant's] arguments as to the VOD are not yet ripe." (Jan. 21, 2020 Decision & Entry at 2.) Appellant asserts, "[i]n *State v. Jackson*, 10th Dist. No. 19AP-393, 2020-Ohio-4115, this Court addressed this issue and determined *Jackson's* (sic) claims were not ripe for review * * *. Appellant submits *Jackson*, *supra*, was wrongly decided as it did not take R.C. 2903.42(A)(2)(a) and (b) in consideration when determining the ripeness issue." (Sic passim.) (Appellant's Brief at 3-4.) Appellant argues, "R.C. 2903.42(A)(2)(a) and (b) mandate that an offender must file their motions prior to the offender's release from prison or confinement." (Appellant's Brief at 5.)

{¶ 9} An offender may rebut the presumption of being a violent offender by "filing a motion in accordance with division (A)(2)(a) or (b) of this section" ("motion to rebut the presumption"). *Id.* Division (A)(2)(b) of R.C. 2903.42 states:

> The motion shall assert that the offender was not the principal offender in the commission of that offense and request that the court not require the offender to enroll in the violent offender database and not have all VOD duties with respect to that offense. The motion shall be filed prior to the time of the person's release from confinement * * *.

{¶ 10} Appellant's motion does not seek to rebut the presumption of his status as a violent offender. Rather, appellant's motion contains multiple bases for the trial court to rescind his plea agreement, arguing that the plea contract was (1) based on a mutual mistake of law; (2) impossible to perform; (3) frustrated by an unforeseeable event; and (4) made unknowingly, unintelligently, and involuntarily due to the enactment of Sierah's Law. Appellant seeks specifically to rescind his plea agreement and does not assert he was

not the principal offender or ask to not enroll in the VOD.  Accordingly, like the trial court, we treat appellant's motion as a motion to withdraw.  As appellant has filed a motion to withdraw and not a motion to rebut the presumption, we find the timing requirement under R.C. 2903.42(A)(2)(b) to be inapplicable.

{¶ 11}  In *State v. Jackson*, 10th Dist. No. 19AP-393, 2020-Ohio-4115 (Luper-Schuster, J., concurring separately), a case similar to the instant case, we previously addressed the issue of ripeness.  In *Jackson*, the defendant-appellant, Edward Jackson ("Jackson"), filed a motion with the trial court asserting Sierah's Law annulled, reversed, or modified the judgment in his case; changed his sentence; was an ex post facto law; and violated his right to due process.  *Id.* at ¶ 3.  The trial court denied Jackson's motion. Jackson appealed the instant issue and the State opposed, arguing the motion was not yet ripe for decision.  *Id.*  In our review, we employed the general ripeness law, which states:

> In determining whether an issue is ripe for review, the court weighs three factors: "(1) whether the alleged future harm is likely to occur; (2) whether delayed review is likely to cause hardship to the parties; and (3) whether the factual record is developed sufficiently to allow a fair resolution."

*Id.* at ¶ 8, quoting *Baker v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-987, 2012-Ohio-1921, ¶ 10.  A claim is not ripe for review if it rests upon future events that may or may not occur.  *Id.*

{¶ 12}  At the time of Jackson's motion, he was incarcerated with no expected release date.  *Id.* at ¶ 8.  As the VOD requirement is not triggered until the offender is released from prison, this court found Jackson's motion was not ripe and upheld the trial court's decision. *Id.*

{¶ 13}  As R.C. 2903.42 does not apply to appellant's motion, we shall proceed in a fashion similar to *Jackson* and employ the general ripeness law.  After review, we find appellant is currently incarcerated with no expected release date.  Because appellant is serving a sentence of 15 years to life for murder and an additional 5 years for the discharge of a firearm from vehicle specification, the likely occurrence of future harm is minimal and delayed review is unlikely to cause hardship to appellant.  Additionally, appellant's claim is not ripe for review as it rests upon a future event that may or may not occur.  Accordingly, we find the trial court did not err when it relied on *Jackson* and found appellant's motion not ripe for review.

{¶ 14} Appellant's first assignment of error is overruled.

## B. Appellant's Second Assignment of Error

{¶ 15} In appellant's second assignment of error, appellant argues the trial court abused its discretion by denying his motion to withdraw a guilty plea.

{¶ 16} Under Crim.R. 32.1, a motion to withdraw a plea "may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343, ¶ 9. Manifest injustice occurs when there is a fundamental flaw in the proceedings which resulted in "a miscarriage of justice or is inconsistent with the demands of due process." *Id.* at ¶ 10, citing *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123. A post-sentence withdrawal is allowed only in extraordinary cases. *Id.* A defendant seeking withdrawal of a post-sentence guilty plea bears the burden of establishing manifest injustice by presenting specific facts in the record or providing an affidavit. *Id.*

{¶ 17} "An appellate court will not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion." *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 8, citing *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210, ¶ 5. "An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable." *State v. Wilson*, 10th Dist. No. 19AP-536, 2020-Ohio-1136, ¶ 14, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 18} Here, appellant asserts two issues created a manifest injustice warranting withdrawal of his guilty plea post-sentence: (1) his plea was not knowingly, intelligently, and voluntarily made, and (2) Sierah's Law caused a substantial impairment breaching his plea contract. We address each in turn.

### 1. Knowing, Intelligent, and Voluntary Nature

{¶ 19} Appellant essentially argues that manifest injustice occurred because he believes Sierah's Law has affected his sentence and the trial court "did not inform Appellant of the correct maximum sentence. Thus, Appellant could not have knowingly entered his guilty plea." (Citation omitted.) (Appellant's Brief at 10.) "Appellant and the trial court was unaware of the correct maximum penalty, i.e., the *VOD* under *Sierah's Law*[.]" (Sic passim.) *Id.* Appellee asserts Sierah's Law does not increase an offender's maximum

sentence because Sierah's Law is a collateral consequence and not punishment per se. We agree with appellee.

{¶ 20} In order for a guilty plea to be valid it must be made voluntarily, intelligently, and "with knowledge of the 'relevant circumstances and likely consequences.' " *State v. Harris*, 6th Dist. No. E-06-015, 2007-Ohio-6362, ¶ 20, quoting *Brady v. United States*, 397 U.S. 742, 748 (1970). "[A] defendant must only be made aware of the direct consequences of the plea, and the trial court is not required to inform the defendant of all possible collateral consequences." *State v. Dumas*, 10th Dist. No. 08AP-179, 2008-Ohio-4896, ¶ 14. A direct consequence of a plea "is an 'immediate and automatic' consequence" while a collateral consequence is a "penalty for committing a crime, in addition to the penalties included in the criminal sentence." *Harris* at ¶ 20, quoting *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir.1989); *Black's Law Dictionary* (9th Ed.2009).

{¶ 21} Under Crim.R. 11, a trial court shall not accept a plea of guilty in a felony case without first addressing whether "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]" Crim.R. 11(C)(2)(a). Accordingly, we must determine whether Sierah's Law is a direct consequence, impacting an offender's maximum sentence, or a collateral consequence.

{¶ 22} In *State v. Beard*, 8th Dist. No. 109630, 2021-Ohio-2512, the Eighth District Court of Appeals addressed the effect of Sierah's Law on the knowing, intelligent, and voluntary nature of guilty pleas.[1] Defendant-appellant, Demetrius Beard ("Beard"), was charged with aggravated robbery, aggravated burglary, kidnapping, receiving stolen property, having weapons under a disability, and petty theft. *Id.* at ¶ 3. Beard pled guilty to robbery, burglary, and kidnapping, while the remaining charges were nolled. *Id.* at ¶ 5. On appeal, Beard claimed his guilty pleas were not entered knowingly, intelligently, and voluntarily because the court failed to advise him of the VOD registration requirements before he plead guilty. *Id.* at ¶ 24. The Eighth District held, "[C]lassification as a violent offender and enrollment into the violent offender database 'is a collateral consequence of the offender's criminal acts rather than a form of punishment per se.' " *Id.* at ¶ 42, quoting

---

[1] The Eighth District also addressed issues pertaining to the constitutionality of Sierah's Law (*Beard* at ¶ 27-49) and noted these constitutional issues are currently before the Supreme Court of Ohio. *See State v. Jarvis*, 159 Ohio St.3d 1427 (2020). We need not address constitutional issues related to Sierah's Law due to the specific waiver by appellant of all constitutional claims. ("At the outset, it should be noted, Appellant is not seeking to invalidate or challenge the constitutionality of Sierah's Law.") (Appellant's Brief at 13.)

*State v. Hubbard,* 12th Dist. CA2019-05-086, 2020-Ohio-856, at ¶ 32. "[B]ecause registration requirements are collateral consequences * * *, Crim.R. 11 does not require a trial court to inform a defendant of the registration and notification requirements before accepting a defendant's guilty plea." *Id.* at ¶ 53. "The maximum penalty * * * does not include the registration requirements under the VOD." *Id.* at ¶ 51. Accordingly, the Eighth District held, "[T]he trial court was not required to inform Beard of the applicable registration requirements before accepting his guilty pleas." *Id.* at ¶ 53.

{¶ 23} We agree with the Eighth District. Unlike a direct consequence, the requirements imposed by Sierah's Law are not immediate and automatic consequences. Additionally, we have previously found the registration requirements and VOD under Sierah's Law are " 'de minimis administrative' registration" rather than additional punishment. *Jackson*, 2020-Ohio-4115, at ¶ 8. Accordingly, we find classification as a violent offender and enrollment into the VOD are merely collateral consequences, rather than a form of punishment per se, and are not included in the maximum penalty of an offense.

{¶ 24} Here, appellant entered his plea of guilty in April 2005, and was properly sentenced under the law as it existed at the time. Sierah's Law was enacted 14 years after appellant's plea. As a collateral consequence, Sierah's Law does not increase the maximum sentence of appellant's offense, murder, which carries a maximum sentence of 20 years to life. The trial court was not required to inform appellant at the time of sentencing that 14 years later a law might be passed requiring him to register as a violent offender on a statewide database. The trial court informed appellant of the correct maximum sentence and of all direct consequences, properly sentencing him pursuant to Ohio's sentencing guidelines. Therefore, we find appellant's plea was made knowingly, voluntarily, and intelligently and no manifest injustice occurred requiring withdrawal of appellant's plea.

### 2. Breach of Contract

{¶ 25} For appellant's second issue, he asserts Sierah's Law causes a substantial impairment of his plea contract, creating manifest injustice that warrants withdrawal of his guilty plea. In support of his argument, appellant cites the three-step balancing test used to examine state legislation under the Contract Clauses of both the United States and Ohio Constitutions. As appellant has waived any claims pertaining to the constitutionality of

Sierah's Law, we will not review this as an issue of constitutionality but interpret it as a breach of contract claim.

{¶ 26} Appellant asserts, "[A] sentence of fifteen (15) years to life for Murder, plus 5 years for a firearm specification * * * was the only sentence Appellant[] faced at the time the contract was completed" and Sierah's Law "frustrate[s] the contract's purpose and substantially impair[s] its express terms." (Appellant's Brief at 15-16.) Appellant argues, appellee "agreed to a certain sentence as part of a plea agreement, it cannot thereafter refuse to abide by the sentence or substitute an entirely different classification without breaching its contract." (Sic passim.) *Id.* at 16-17. Appellee asserts Sierah's law does not breach the plea agreement.

{¶ 27} Under Ohio law, plea agreements are interpreted and enforced by utilizing traditional contract law principles. *State v. Schlichter*, 10th Dist. No. 14AP-1020, 2015-Ohio-5276, ¶ 13. A breach of contract occurs when (1) a contract exists, (2) a party fails without legal excuse of the other party to perform when performance is due, and (3) damages or loss result from the breach. *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 463 (2018).

{¶ 28} Here, both parties admit a contract exists. (Appellant's Brief at 14; Appellee's Brief at 15-16.) Appellant states, "The contract that they entered into provided for the Appellant to surrender his constitutional trial rights and the [appellee] would reduce the charge from Aggravated Murder to Murder[.]" (Appellant's Brief at 14.) Accordingly, the issue is whether appellee has failed to perform upon the contract.

{¶ 29} Appellant was indicted on charges for aggravated murder. Under R.C. 2903.01, aggravated murder can carry a possible sentence of up to 30 years to life. Pursuant to the plea agreement, appellant pled guilty to the lesser charge of murder, which carries a maximum sentence of 20 years to life. The trial court sentenced appellant to 15 years to life for murder. (Jgmt. Entry at 2.)

{¶ 30} As found above, the enactment of Sierah's Law does not alter appellant's sentence. The VOD requirements under Sierah's law are de minimis administrative registration and do not increase the maximum penalty appellant faces. Appellee fully performed its agreement with appellant when the charges from his initial indictment of aggravated murder, 30 years to life, were decreased to the lesser sentence of murder and

he received a sentence of 15 years to life. Accordingly, we find the enactment of Sierah's Law does not impair or breach appellant's plea contract.

{¶ 31} Based on the foregoing, we find appellant has failed to show manifest injustice, requiring the trial court to grant his motion to withdraw. As such, we find the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea. Appellant's second assignment of error is overruled.

## IV. CONCLUSION

{¶ 32} Based on the foregoing, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

_____