[Cite as *State v. Baker*, 2021-Ohio-4544.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-03-006 |
| Appellee, | : | O P I N I O N<br>12/27/2021 |
| | : | |
| - vs - | : | |
| | : | |
| RONDEY D. BAKER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20200103


Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price, Assistant Prosecuting Attorney, for appellee.

Shannon M. Treynor, for appellant.


**M. POWELL, J.**

{¶1} Appellant, Rondey Baker, appeals his conviction and sentence in the Madison County Court of Common Pleas for attempted murder.

{¶2} Appellant was indicted in August 2020 on one count of attempted murder and two counts of felonious assault. Each count was accompanied by a repeat violent offender specification. On January 16, 2021, appellant agreed to plead guilty to one count of

attempted murder, a first-degree felony, in exchange for the state dismissing the felonious assault offenses and the repeat violent offender specifications. On March 3, 2021, the trial court sentenced appellant to a minimum mandatory prison term of ten years with a maximum mandatory prison term of 15 years. The record shows that the trial court never advised appellant of his duty to register as a violent offender under R.C. 2903.42 prior to sentencing him.

{¶3} R.C. 2903.41 through 2903.44, commonly known as "Sierah's Law," became effective on March 20, 2019. Sierah's Law created a statewide violent offender database, sets forth a rebuttable presumption that violent offenders, as defined in R.C. 2903.41(A), register in person annually for ten years, and subjects violent offenders to criminal prosecution for failing to comply with Sierah's Law. Appellant is a violent offender under R.C. 2903.41(A)(1)(b) based on his guilty plea to attempted murder.

{¶4} R.C. 2903.42 governs enrollment in the violent offender database and places certain notification obligations on the trial court before sentencing. In particular, it is presumed that each person classified as a violent offender "shall be required to enroll in the violent offender database with respect to the offense that so classifies the person and shall have all violent offender database duties with respect to that offense for ten years after the offender initially enrolls in the database." R.C. 2903.42(A)(1). "Violent offender database duties" mean the duty to enroll, the duty to reenroll, and the duty to provide notice of any change of address. R.C. 2903.41(H).

{¶5} The presumption above is rebuttable, and each violent offender must be "informed of the presumption * * * , of the offender's right to file a motion to rebut the presumption, of the procedure and criteria for rebutting the presumption, and of the effect of a rebuttal and the post-rebuttal hearing procedures and possible outcomes." R.C. 2903.42(A)(1). For individuals classified as violent offenders under R.C. 2903.41(A)(1),

such as appellant, the sentencing court "shall inform the offender before sentencing of the presumption, the right, and the procedure, criteria, and possible outcome." R.C. 2903.42(A)(1)(a). An individual classified as a violent offender under R.C. 2903.41(A)(1) and wishing to rebut the presumption of enrollment in the violent offender database must file a motion with the trial court prior to or at the time of sentencing. R.C. 2903.42(A)(2)(a).

{¶6} Appellant appeals his conviction and sentence, raising two assignments of error.

{¶7} Assignment of Error No. 1:

{¶8} THE DEFENDANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY MADE AS THE COUR[T] FAILED TO ENGAGE IN A RULE 11 COLLOQUY REGARDING THE DEFENDANT'S REQUIREMENT TO REGISTER IN THE VIOLENT OFFENDER DATABASE.

{¶9} Appellant argues that his guilty plea was not knowingly, intelligently, or voluntarily made because the trial court failed to comply with R.C. 2903.42(A)(1)(a) during the plea colloquy.

{¶10} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179. Pursuant to Crim.R. 11(C)(2)(a), a trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and determining that the defendant is "making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved." In general, a trial court is not required to inform a defendant about collateral consequences before accepting a plea. *State v. Tanksley*, 10th Dist. Franklin No. 20AP-89, 2021-Ohio-2900, ¶ 20; *State v. Wright*, 2d Dist. Montgomery No. 28368, 2021-Ohio-

4107, ¶ 26.

{¶11} In two recent opinions, the Ohio Supreme Court noted that there was no indication Sierah's Law was enacted to inflict punishment and rejected the view that Sierah's Law was punitive in effect. *See State v. Hubbard*, Slip Opinion No. 2021-Ohio-3710; and *State v. Jarvis*, Slip Opinion No. 2021-Ohio-3712. The supreme court observed that "the enrollment requirements are not imposed as part of the offender's sentence and notice of those duties is merely provided to the offender either at his or her sentencing hearing or upon his or her release from incarceration." *Hubbard* at ¶ 31.[1] Rather, the court recognized that "offender-registration schemes like Sierah's Law have 'long been a valid regulatory technique with [the] remedial purpose' of providing information to law enforcement in order to better protect the public." *Jarvis* at ¶ 12.

{¶12} This and other courts have recently held that the "violent-offender enrollment statutes do not increase the punishment for the specified violent offenses" listed in R.C. 2903.41(A), including attempted murder. *State v. Hubbard*, 12th Dist. Butler No. CA2019-05-086, 2020-Ohio-856, ¶ 32. "Rather, classification as a violent offender and enrollment into the violent offender database 'is a collateral consequence of the offender's criminal acts rather than a form of punishment per se.'" *Id.*, quoting *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 34; *State v. Beard*, 8th Dist. Cuyahoga No. 109630, 2021-Ohio-2512, ¶ 42; *Tanksley*, 2021-Ohio-2900 at ¶ 22-24.

{¶13} "[B]ecause registration requirements are collateral consequences rather than punishment, Crim.R. 11 does not require a trial court to inform a defendant of the

---

1. The requirement to inform an offender of violent offender database duties upon the offender's release from incarceration applies to those classified as a violent offender pursuant to R.C. 2903.41(A)(2) (i.e., incarcerated offenders who were convicted of or pled guilty to a violent offender qualifying offense prior to the effective date of Sierah's Law). Appellant was classified as a violent offender under R.C. 2903.41(A)(1), as he was convicted of a violent offender qualifying offense after the effective date of Sierah's Law. Thus, appellant must be provided the requisite notice before sentencing, not upon his release from incarceration.

registration and notification requirements before accepting a defendant's guilty plea." *Beard* at ¶ 53. Furthermore, the maximum penalty "does not include the registration requirements under the [violent offender database]." *Id.* at ¶ 51; *Tanksley* at ¶ 23 (finding that classification as a violent offender and enrollment into the violent offender database are not included in the maximum penalty of an offense). The trial court, therefore, was not required to inform appellant of the applicable registration requirements under Sierah's Law before accepting his guilty plea. *Beard* at ¶ 53. The trial court's failure to provide the mandatory advisements of R.C. 2903.42(A)(1)(a) during the plea colloquy did not render appellant's guilty plea invalid.

{¶14} Appellant's first assignment of error is overruled.

{¶15} Assignment of Error No. 2:

{¶16} THE SENTENCE IMPOSED BY THE COURT IS VOID AS A MATTER OF LAW FOR FAILURE TO INCLUDE ANY REFERENCE TO THE VIOLENT OFFENDER DATABASE AND THE REGISTRATION REQUIREMENTS IMPOSED UPON THE DEFENDANT.

{¶17} Appellant argues that his sentence is void because the trial court failed to comply with R.C. 2903.42(A)(1)(a) before sentencing him.

{¶18} This court "does not review the sentencing court's decision for an abuse of discretion." *State v. Scott*, 12th Dist. Clermont Nos. CA2019-07-051 and CA2019 07-052, 2020-Ohio-3230, ¶ 54, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10. "It is instead the standard of review set forth in R.C. 2953.08(G)(2) that governs all felony sentences." *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 48. Pursuant to that statute, this court may increase, reduce, "or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing," if this court clearly and convincingly finds either of

- 5 -

the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶19} As stated above, appellant was classified as a violent offender under R.C. 2903.41(A)(1) based on his attempted murder conviction. Accordingly, the trial court was required to provide the advisements set forth in R.C. 2903.42(A)(1)(a) — the presumption established under this division, the offender's right to file a motion to rebut the presumption, the procedure and criteria for rebutting the presumption, and the effect of a rebuttal and the post-rebuttal hearing procedures and possible outcome — before sentencing. The record reflects that the trial court failed to do so prior to sentencing appellant.

{¶20} R.C. 2903.42(A)(3) further provides that when an offender, such as appellant, has not filed a motion to rebut the presumption, "the trial court must provide to the offender, at sentencing, notice of his or her duties under Sierah's Law." *Wright*, 2021-Ohio-4107 at ¶ 34. Specifically, the trial court must

> require the violent offender to read and sign a form stating that the violent offender has received and understands the notice. If the violent offender is unable to read, the judge * * * shall inform the violent offender of the violent offender's duties as set forth in the notice and shall certify on the form that the judge * * * informed the violent offender of the violent offender's duties and that the violent offender indicated an understanding of those duties.

R.C. 2903.42(C).

{¶21} R.C. 2903.42(A)(1) is a mandatory statute. *Beard*, 2021-Ohio-2512 at ¶ 58. Because of the trial court's failure to comply with R.C. 2903.42, and 2903.42(A)(1) in particular, appellant was not informed of the presumption of enrollment in the violent offender database, of his right to file a motion to rebut the presumption, and of the procedure

and criteria for rebutting the presumption, and therefore did not have an opportunity to file a written motion to rebut the presumption. *See State v. Walker*, 8th Dist. Cuyahoga No. 109142, 2021-Ohio-580; *Beard*. Furthermore, appellant was not aware of the effect of the rebuttal or the post-rebuttal hearing procedures and possible outcomes. As R.C. 2903.42(A)(1)(a) requires that the notification be provided "before sentencing," the trial court lacked the authority to proceed with sentencing appellant until the notifications were given.

{¶22} We therefore find that appellant's sentence is contrary to law under R.C. 2953.08(G)(2) and sustain appellant's second assignment of error.

{¶23} Accordingly, we hereby vacate appellant's sentence and remand the matter to the trial court for purposes of complying with the mandatory advisements of R.C. 2903.42(A)(1) and for resentencing. In all other respects the judgment of the trial court is affirmed.

{¶24} Judgment vacated as to appellant's sentence only and remanded to the trial court.

PIPER, P.J., and S. POWELL, J., concur.